Commonwealth of Pennsylvania, Department of Public Welfare *v.* Carol C. Mallory and Berks Title Insurance Company. Carol C. Mallory, Appellant.

Argued April 7, 1980, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*David A. Scholl*, for appellant.

*Inez G. Lundy*, Assistant Attorney General, with her *Joseph F. Lynch*, Deputy Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 19, 1980:

The Department of Public Welfare (DPW) filed a complaint in equity in the Court of Common Pleas of Philadelphia County naming as defendants the present appellant, Carol C. Mallory, and Berks Title

Insurance Company. DPW alleged that Carol C. Mallory was the daughter of Lottie J. Mallory, deceased, the executrix of her mother's will and the owner by inheritance from her mother of a property in Philadelphia, the proceeds of the sale of which by Carol C. Mallory were in custody of the co-defendant Berks Title Insurance Company; that Lottie J. Mallory had received public assistance during her lifetime and that DPW had judgments against her; that Carol C. Mallory had also received public assistance but had refused to sign instruments which would have enabled DPW to take judgment; and that Carol C. Mallory has refused to pay either the claim against her mother's estate or the claim for assistance provided her. The relief requested was that Berks Title Insurance Company be enjoined from making distribution of the proceeds of Carol C. Mallory's property until DPW's claim to them was adjudicated and for judgment against Carol C. Mallory in the amount paid her by DPW.

Accompanying the complaint was a petition for preliminary injunction and an injunction affidavit, the latter stating "that there are sufficient grounds to believe that unless immediately enjoined from doing so, the defendant will demand distribution of said funds and evade payment of plaintiff's claim."

The complaint, petition and injunction affidavit were filed on December 5, 1978. By decree dated December 6, 1978 a judge of the court below issued a preliminary injunction without written notice to or hearing afforded Carol C. Mallory enjoining Berks Title Insurance Company from making any distribution of the funds in its custody and fixing December 11, 1978 as a time for hearing on the continuance of the injunction. On December 11, 1978 another judge of the court below, to whom the matter of the hearing on continuance had been assigned, met in chambers

with counsel for DPW and Berks Title Insurance Company. David A. Scholl, Esquire, who is associated with Community Legal Services, Inc., who had represented Carol C. Mallory, apparently with respect to the sale of the real estate and who had learned of the injunction and conference from counsel for Berks, also attended some part of the meeting in chambers. We learn from the judge's memorandum opinion filed in March 1979 that Mr. Scholl said that he was not authorized to enter an appearance for Carol C. Mallory and that the judge thereupon did not permit him to participate in the conference on Carol C. Mallory's part. A notice of the December 11, 1978 scheduled hearing sent to Carol C. Mallory to an address in Syracuse was returned unclaimed. Obviously, no hearing was held on December 11, 1978 as ordered.

By order dated December 19, 1978, the judge who conducted the conference on December 11, 1978 directed that Berks Title Insurance Company should pay DPW the amount necessary to satisfy a judgment against Lottie J. Mallory (a form of relief not requested in the complaint) and that Berks Title Insurance Company should hold the balance of the funds in escrow pending further order of court. No time for hearing on the continuance of the injunction of December 19, 1978 was scheduled and none was ever conducted.

On or about January 2, 1979, Mr. Scholl appeared for Carol C. Mallory and filed a motion on her behalf for reconsideration and dissolution of the December 19, 1978 injunction and argument was scheduled for January 22, 1979.

On January 4, 1979, Carol C. Mallory by her attorney, Mr. Scholl, appealed the two injunction decrees entered, respectively, on December 6, 1978 and on December 19, 1978, to this court and they are before us for disposition.

Argument on the motion to reconsider and dissolve the injunction dated December 19, 1978 was heard January 22, 1979 by the judge who made the order and the motion was denied the same day. The same judge filed a memorandum opinion in March 1979 in which he stated that he regarded the injunction of December 19, 1978 ''as ex parte.''

Pennsylvania Rule R.C.P. 1531 provides pertinently as follows:

(a)  A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

. . . .

(d)  An injunction granted without notice to the defendant shall be deemed dissolved unless a hearing on the continuance of the injunction is held within five (5) days after the granting of the injunction or within such other time as the parties may agree or as the court upon cause shown shall direct.

Since no hearing on the continuance of either of the preliminary injunctions issued without notice to defendant, Carol C. Mallory, was conducted within five days, each was deemed dissolved after five days. Not only was the conference conducted on December

11, 1978 not a hearing, the injunction of December 6, 1978 was not ordered continued. No hearing was scheduled or conducted with respect to the second, expressly denominated ex parte injunction of December 19, 1978.

Since the two injunctions are the only matters before us on appeal and both must be deemed dissolved, it is unnecessary to discuss the many other questions raised by the parties.

We therefore vacate the decrees which are the subject of these appeals and remand the record for further proceedings.

### ORDER

AND Now, this 19th day of May, 1980, the decrees of the Court of Common Pleas of Philadelphia County made December 6, 1978 and December 19, 1978 preliminarily enjoining parties to the suit as therein set out are vacated as deemed dissolved and the record is remanded for further proceedings.