**Terrie Lee BISHOP, Respondent,**

**v.**

**Doris ECKHARD, Appellant.**

**No. 41341.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 2, 1980.

Motion for Rehearing En Banc or for Transfer to Supreme Court Denied Oct. 17, 1980.

Application to Transfer Denied Dec. 15, 1980.

Donald S. Hilleary, Clayton, for appellant.

Coleman, Ross, Carey, Goetz & Schaaf, Inc., Jack H. Ross, Michael M. Sayers, Clayton, for respondent.

PUDLOWSKI, Judge.

Decedent's widow appeals a judgment awarding the proceeds of her deceased husband's life insurance policy and the accumulated contributions to his retirement plan to their daughter, the named beneficiary of the retirement plan and insurance policy. Specifically, appellant contends that decedent's action in changing the beneficiary to the daughter was in fraud of her marital rights to share in his estate. § 474.150 RSMo (1969).

Appellant and Bernard Joseph Eckhard were married in November, 1946, and remained married until decedent's death in April, 1977. Born of the marriage was one daughter, Terri Lee Bishop, respondent.

Decedent was employed by Petrolite Corporation from January, 1950, until his death. His employment entitled him to retirement and life insurance benefits. The insurance proceeds were payable to his named beneficiary and he had the option of changing the beneficiary any time prior to his death. In the event of his death a retirement annuity was payable to his widow for life or until remarriage. There was also a lump sum amount payable to a beneficiary of his selection which represented decedent's accumulated contributions to the retirement plan.

Decedent originally named his wife as beneficiary of all three plans.[1] However, after marital discord developed and his wife filed for a dissolution of marriage, he removed the appellant and designated his daughter as the beneficiary. This change took place in March, 1976. The dissolution action was pending at the time of decedent's death in March, 1977.

The daughter filed suit claiming the $29,-000 life insurance benefits and the $900 accumulated contributions to the retirement plan as the decedent's named beneficiary. The court tried judgment ruled in her favor and the widow appeals.

The appellant's first contention is that the change of the beneficiary of the life insurance was in fraud of her marital rights. As authority she cites § 474.150(1) RSMo (1969)[2] which states:

> Any gift made by a person, whether dying testate or intestate, in fraud of the marital rights of his surviving spouse to share in his estate, shall, at the election of the surviving spouse, be treated as a testamentary disposition and may be recovered from the donee and persons taking from him without adequate consideration and applied to the payment of the spouse's share, as in case of his election to take against the will.

The significant portion of this statute in the case at bar is the phrase "in fraud of the marital rights of his surviving spouse to share in his estate." The proceeds of an insurance policy payable to a named beneficiary do not belong to the insured's estate. *Preidman v. Jamison*, 202 S.W.2d 900, 904 (Mo.1947). *See generally* Appleman, Insurance Law and Practice § 771 (1966). The beneficiary's claim to insurance proceeds is through the life insurance contract and not derivatively as the insured's heir. *See* Appleman at § 771. Since the daughter was the named beneficiary she is entitled to the proceeds of the policy.

The widow further argues that the insurance policy was marital property subject to the jurisdiction of the circuit court in which the dissolution action was pending at the time of decedent's death and that the insurance policy was marital property as defined in § 452.330 RSMo (Supp.1975).[3] The appellant's argument that an insurance policy on the life of one of the parties involved in a dissolution action constitutes marital property is misplaced. To determine the parties assets in a dissolution ac-

1. At trial, the parties agreed that the deceased, according to the provisions of the plan, could not change the beneficiary of the retirement annuity plan and appellant was awarded the monthly proceeds from such plan.

2. § 474.150(1) RSMo (1969) is cited as § 474.-150 RSMo (1978) in actions arising after October, 1978. The substance of the statute, however, has not been changed.

3. Cite as § 452.330 RSMo (1978) for proceedings instituted after October, 1978.

tion a whole life insurance policy becomes marital property because of its cash value. *LoPiccolo v. LoPiccolo*, 581 S.W.2d 421, 425 (Mo.App.1979); *Ray v. Ray*, 336 S.W.2d 731, 739 (Mo.App.1960). It is not to be considered on the basis of the potential for future proceeds. However, we need not consider this argument since the circuit court lost jurisdiction of the subject matter. The record shows that the dissolution action was moot by the decedent's death. Thus, there was nothing left upon which the court's jurisdiction could operate. *Young v. Young*, 65 S.W. 1016, 1018 (Mo.1901); *In re Marriage of Harms*, 563 S.W.2d 781 (Mo. App.1978); *Heil v. Rogers*, 329 S.W.2d 388, 392 (Mo.App.1959).

Appellant also contends that her marital right attached to decedent's accumulated contributions to the retirement plan. The record indicates that this plan allowed decedent's employer to retain a specific portion of his compensation. These contributions were payable to decedent upon his retirement or termination. Further, the plan provided for designation of a beneficiary of the accumulated contributions in the event of death. The retirement plan constituted a third party contract. *Buehler v. Buehler*, 523 S.W.2d 67, 72 A.L.R. 920 (Tex.Civ.App.1959). Under the plan respondent was a third–party donee beneficiary. Restatement of Contracts § 133. Upon decedent's death the accumulated contributions were payable to the beneficiary and constituted no part of decedent's estate. *Kansas City Life Ins. Co. v. Rainey*, 184 S.W.2d 624, 626 (Mo.1944). Thus appellant's marital rights could not attach.

Appellant's other multifaceted contentions relating to the admission of evidence to prove intent to defraud her of her marital rights are without merit in light of our resolution that she is not entitled to the proceeds. We conclude that the respondent is entitled to the proceeds of the life insurance policy and of the accumulated contribution benefits.

Judgment affirmed.

GUNN, P. J., and STEPHAN, J., concur.