**In re the Marriage of Imogene D. BUSCH, Petitioner,**

v.

**Clarence L. BUSCH, Respondent.**

**No. 42520.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 2, 1981.

Larry G. Mittendorf, Philip E. Morgan, Union, for petitioner.

Thomas J. Briegel, Gordon R. Upchurch, Union, for respondent.

SIMON, Judge.

This is an appeal from a judgment in a dissolution case, entered on March 6, 1980 by the Circuit Court of Franklin County. The parties were married on December 15, 1963. No children were born of the marriage and neither party sought maintenance.

The husband contends on appeal that (1) the trial court erred in failing to distribute all the marital property, (2) the evidence was insufficient for the court to find that the marriage was irretrievably broken and the court's findings of fact were inadequate, (3) the trial court erred in making findings of fact and conclusions of law upon the tender of the same without a request by

either party, (4) the trial court failed to allocate all property held by the parties into the categories of marital and non-marital property, (5) the trial court erred in admitting evidence of an incident because it was remote in time, and therefore immaterial or irrelevant.

We shall consider the husband's first point, i. e. that the trial court erred in failing to distribute all the marital property as mandated by § 452.330 RSMo 1978. In particular, the husband contends that the trial court failed to distribute the profit sharing plan and retirement plan connected with the wife's employment and certain certificates of deposit.

The husband's first point raises the issue of the finality of the judgment for purposes of appeal, and therefore raises an issue vital to our jurisdiction to review the proceedings. Section 512.020 RSMo 1978.

Recently, our Supreme Court in *State ex rel. McClintock v. Black*, 608 S.W.2d 405, 406 (Mo.banc 1980), stated:

"If the undistributed property is discovered before the time for appeal has run, the appellate court, when presented with an appeal raising the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken."

Pursuant to the McClintock holding, we must dismiss the appeal if the trial court failed to distribute all the marital property discovered prior to the expiration of the time for appeal.

Regarding the certificates of deposit, it is clear the trial court was aware of their existence because the record shows extensive testimony concerning their existence and disposition. However, the record further reveals that the husband had used these certificates to finance his ventures in Las Vegas and had spent approximately "whatever our savings certificates totaled." Since the certificates have been exhausted, the trial court did not err in failing to distribute them.

In considering the profit sharing plan and the retirement plan, however, we are confronted with a different matter. Testimony relating to these plans was brought out by wife's attorney on direct examination of wife and her employer. In her testimony, wife asked that the court set aside for her the value of the profit sharing plan and the retirement plan. The court's decree mentioned neither.

It is admitted that if wife's interest in the plans had vested, both plans were marital property. However, if wife's interest in the plans were either contingent or subject to divestment, the plans are not marital property. *In re Marriage of Faulkner*, 582 S.W.2d 292, 296 (Mo.App.1979). Likewise, retirement benefits that become vested upon actual retirement only have been held to be "too speculative" to be marital property. Id. Here the evidence in the record was sufficient for the court to have made a determination on these issues and the court should have done so.

The trial court's failure to make a determination regarding this property leads us to the conclusion that it failed to exhaust its jurisdiction and render a final judgment. The appeal therefore must be dismissed. Having reached this result, we cannot consider husband's other points.

Appeal dismissed.

SATZ, P. J., and SMITH, J., concur.