Evelyn D. WALKER,
Plaintiff-Respondent,

v.

John E. WALKER, Defendant-Appellant.

No. 43199.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 2, 1982.

Daniel B. Chartrand, Clayton, for defendant-appellant.

Dewey S. Godfrey, Jr., St. Louis, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a decree dissolving the marriage of Evelyn and John Walker. Appellant, John Walker, challenges the awards of maintenance and attorney fees to respondent, Evelyn Walker, and the distribution of marital property. The maintenance award is reversed. The division of marital property and award of attorney fees is affirmed.

The parties had been married for 24 years. At the time of the dissolution the parties owned one parcel of real estate, the family home located at 5325 N. Kingshighway, St. Louis, Missouri. The parties' estimates of the value of the house ranged from $22,000 to $34,000. The parties' personal property included clothing and personal items, household furnishings valued at a low of $800 and a high of $3,000, seven series "E" United States savings bonds worth $131.25, and four bank accounts containing approximately $1,045.

Throughout the time the parties were married appellant worked as a cook at the Veteran's Administration Hospital at Jefferson Barracks, St. Louis, Missouri. His gross monthly wages at the time of the hearing were $1,244.80. During this period appellant established an individual retirement account through the hospital. The account consisted entirely of appellant's own contributions, and was therefore fully vested. At the time of the hearing the account was valued at $10,057.80. The account was fully vested, but appellant could not take money out of the account until retirement. Appellant also had two life insurance policies with face values totalling $11,813. The cash values of the policies were undetermined.

Respondent worked outside the home for the last 18 years of the marriage. She has worked for the last seven years as a deputy circuit clerk at the St. Louis City Circuit Court Clerk's office. At the time of the hearing her gross monthly wages were approximately $895. For the four years prior to the trial respondent held the position of Democratic Committeewoman for the first ward of the City of St. Louis. Respondent also belonged to a retirement plan. Respondent's employer made all the contributions, and her interest in the plan had not vested.

The parties' debts totalled $20,716.60. The parties owed $11,652 on the mortgage on the family home, $7,554.60 on a home improvement loan, and $1,510 on various charge accounts.

At the time of the hearing the parties had two emancipated sons and one unemancipated son, Kevin, then aged 14. The older sons lived at the family home and paid a total of $120 a month for room and board.

At trial both parties charged the other with only general misconduct. Appellant alleged respondent's political career caused her to neglect her home. Respondent alleged that appellant drank too much, squandered his pay, and was abusive toward respondent. Respondent based her request for maintenance on her husband's poor behavior. She stated that she did not need the money.

In its division of property the court first declared each party's retirement account to be his separate property. The court also declared the life insurance policies and one bank account, which contained $900, to be respondent's separate property. The court then awarded appellant the following marital property: the seven savings bonds, the remaining bank accounts totalling about $145, his clothing and personal items, and half the proceeds from the sale of the parties' house with the sale to be delayed until the time Kevin is emancipated or reaches majority.

The court ordered appellant to pay the $7,554.60 home improvement loan and half the mortgage payments. The court awarded respondent her clothing and personal items, the household furnishings, half the proceeds from the sale of the house, and use of the house until the sale. The court ordered respondent to pay the $1,510 in charge account debts.

The court also awarded respondent $5 per week maintenance, $750 in attorney fees, custody of Kevin, and $50 per week in child support.[1] Appellant does not challenge the award of custody or child support.

■ Court-tried cases are reviewed upon both the law and the evidence with due regard given to the trial court's opportunity to judge the credibility of the witnesses. Rule 73.01. The trial court's judgment is to be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

Appellant's first point on appeal is that the award of maintenance was an abuse of discretion and against the weight of the evidence. The point is ruled in favor of appellant.

■ The trial court may award maintenance only if the spouse seeking maintenance has insufficient property to provide for his support and is unable to support himself through appropriate employment. § 452.335, RSMo 1978. The basic test is the reasonable needs of the spouse. *Steffan v. Steffan*, 597 S.W.2d 880, 883–884[3] (Mo. App.1980); *Sawtell v. Sawtell*, 569 S.W.2d 286, 288[5, 6] (Mo.App.1978); *Brueggemann v. Brueggemann*, 551 S.W.2d 853, 857[4] (Mo.App.1977).

The prior misconduct of only the spouse seeking maintenance may be considered when determining whether to award maintenance. Any misconduct of the spouse from whom maintenance is sought may not be considered. § 452.335, RSMo 1978. *Brueggemann v. Brueggemann, supra* at 856[2, 3]. Respondent stated on both cross-examination and on redirect that she did not need any maintenance. Respondent's counsel in oral argument said respondent did not want maintenance.

The evidence concerning respondent's employment history and the award of the use of the house until Kevin is emancipated support respondent's statements. No other evidence in the record contradicts these affirmative statements by the respondent. The award of maintenance was, therefore, improper as being clearly against the weight of the evidence. *See Givens v. Givens*, 599 S.W.2d 204, 206 (Mo.App.1980).

■ Appellant's second point is that the trial court's distribution of marital property should be reversed because it is against the weight of the evidence and because the trial court failed to ascribe a specific value to the various items of property. The point is ruled against appellant.

Under § 452.330, RSMo 1978, the trial court is to first set off to each spouse his separate property and then divide the marital property in a manner that is just. Marital property consists of, with certain exceptions, all property acquired by either spouse during coverture. § 452.330.2, RSMo 1978.

All property acquired by either party during coverture is presumed to be marital

1. The trial court's order awarded appellant $50 per week in child support. This court assumes this to be a typographical error and that the trial court intended to award the child support to respondent.

property regardless of whether title is held in single or joint names. The parties can overcome this presumption by proving the property falls into an exception or was acquired prior to the marriage. § 452.330.3, RSMo 1978.

A just distribution does not demand an equal distribution; however, the distribution must be equitable. *Pederson v. Pederson*, 599 S.W.2d 51, 54[7, 8] (Mo.App. 1980); *Arp v. Arp*, 572 S.W.2d 232, 235[8] (Mo.App.1978); *Bommarito v. Bommarito*, 558 S.W.2d 386, 386[1, 2] (Mo.App.1977). At first glance the distribution may seem arguably unjust. Appellant received less than half the marital property and almost two-thirds of the family debt, resulting in a $6,000 to $8,000 disparity in the net division of the assets.

However, the trial court erroneously listed appellant's individual retirement account as appellant's separate property and the cash value of his life insurance policies and the $900 bank account as respondent's separate property. Appellant started the retirement account during the marriage and made all the contributions to the account. The account was fully vested. It is clearly marital property. *Busch v. Busch*, 618 S.W.2d 244, 245[2–4] (Mo.App. 1981); *In re Marriage of Faulkner*, 582 S.W.2d 292, 296[9] (Mo.App.1979); *In re Marriage of Powers*, 527 S.W.2d 949, 957[16] (Mo.App.1975).

The cash value of the appellant's life insurance policies and the $900 bank account are presumed to be marital property. § 452.330.3, RSMo 1978. *Bishop v. Eckhard*, 607 S.W.2d 716, 718[2] (Mo.App. 1981). *See Hilger v. Hilger*, 570 S.W.2d 736, 740–741 (Mo.App.1978); *Ray v. Ray*, 336 S.W.2d 731, 739[10] (Mo.App.1960). The record contains no evidence that would overcome the presumption. The court properly excluded respondent's retirement plan from the division of marital property since the evidence indicated that her rights had not yet vested. *Busch v. Busch, supra.*

The primary concern of this court is the correctness of the result and not the route by which it is reached. If the result could have been reached by any reasonable theory the judgment will be affirmed. *Watkins v. Johnson*, 606 S.W.2d 493, 495[2–5] (Mo.App.1980); *Mattingly v. Bruckerhoff*, 603 S.W.2d 11, 13[2] (Mo.App.1980); *Boswell v. Brinckmann*, 579 S.W.2d 781, 783[1, 2] (Mo.App.1979). Therefore, if the $10,000 retirement account is added to appellant's other marital property and the cash value of the life insurance and the $900 bank account is added to the respondent's share of the marital property, this court could not say that the distribution of marital property is unjust.

Appellant also alleges that the distribution of marital property must be reversed because the trial court did not ascribe a particular value to each piece of marital property. The trial court is not required to give a detailed finding of fact unless a party requests one. When there is no detailed finding of fact, the facts are assumed to be found in a manner consistent with the judgment. Rule 73.01. No request was made here. No detailed valuation is required. § 452.330, RSMo 1978. *Reynolds v. Reynolds*, 610 S.W.2d 311, 313 (Mo.App.1980); *Waitsman v. Waitsman*, 599 S.W.2d 42, 43[2] (Mo.App.1980); *McLaughlin v. McLaughlin*, 585 S.W.2d 567, 569[4, 5] (Mo.App.1979).

Appellant's final point challenging the grant of attorney fees is also ruled against him. In granting attorney fees the trial court may consider all relevant factors and is not limited to just the financial resources of the parties. *Kieffer v. Kieffer*, 590 S.W.2d 915, 918[6] (Mo. banc 1979); *Steffan v. Steffan, supra* at 884[5].

Considering all the relevant factors and the standard of review under *Murphy v. Carron, supra*, this court cannot say the grant of attorney fees was an abuse of discretion.

The judgment granting maintenance is reversed. The judgment distributing marital property and granting attorney fees is affirmed.

REINHARD, P. J., and CRIST, J., concur.