492 A.2d 396

**Judith A. LINDSEY**

v.

**Richard L. LINDSEY.**

**Appeal of Mary WAITKUS.**

Superior Court of Pennsylvania.

Argued Sept. 19, 1984.

Filed April 26, 1985.

Petition for Allowance of Appeal Denied Oct. 28, 1985.

William J. Fulton, Harrisburg, for appellant.

Sally Jo Winder, Shippensburg, for appellees.

Before WICKERSHAM, WIEAND and HESTER, JJ.

WICKERSHAM, Judge:

Mary Ellen Waitkus appeals from the order of the Court of Common Pleas of Cumberland County directing the payment of the proceeds of certain life insurance policies to Judith A. Lindsey, widow of Richard L. Lindsey, the deceased insured.

At issue are two life insurance policies owned by Richard Lindsey. The first, paying a $10,000 death benefit, is a group policy provided by Mr. Lindsey's employer and issued by the Prudential Insurance Company. The second, providing a $500 death benefit was issued by the Washington National Insurance Company. Judith Lindsey, appellee herein, was originally named as the primary beneficiary on both policies. The Lindseys experienced marital difficulties, however, and separated. Subsequent to this separation, Mr. Lindsey substituted Mary Ellen Waitkus, appellant herein, as the primary beneficiary. Mr. Lindsey died on October 21, 1982. Judith Lindsey then brought this action to have the beneficiary changes declared null and void, and to have the proceeds of the life insurance policies distributed to her.

Mr. and Mrs. Lindsey separated in May of 1982. Mrs. Lindsey filed for divorce on June 2, 1982. On June 8, 1982, in conjunction with a request for interim equitable distribution, Mrs. Lindsey obtained a preliminary injunction enjoining Mr. Lindsey from disposing of any marital property, and permitting her to remove some assets from the marital home for use in her new apartment.

Mr. Lindsey changed the beneficiary designation on the Washington policy on July 8, 1982, and on the Prudential policy on October 8, 1982. Appellant Waitkus testified that she did not know of Mr. Lindsey's intention to change the

beneficiaries until after the changes were made. Mrs. Lindsey learned of the changes in beneficiaries only after Mr. Lindsey's death.

The lower court found that the changes in beneficiary designations were in violation of the injunction issued on June 8, 1982. The court ordered, therefore, that the primary beneficiary designations on both the Prudential and the Washington policies be in the name of appellee Judith Lindsey and that the proceeds be distributed to her.

Appellant presents us with the following issues:

1. Whether changes in beneficiary designations on life insurance policies made on July 8 and October 8, 1982 violated a preliminary injunction issued on June 8, 1982 and never moved to a hearing or continued?

2. Whether the divorce action and ancillary claims abated with the death of a party?

3. Whether the changing of a beneficiary designation is the conveyance of an asset?

Brief for Appellant at 3.

In her first issue, appellant argues that the injunction issued on June 8, 1982 was no longer in effect on the dates when Mr. Lindsey changed the beneficiary designations. Since appellant never raised this issue before the lower court, however, we are constrained to find that this argument has been waived.[1]  Pa.R.A.P. 302(a).

---

1. In his concurring opinion, Judge Wieand argues that appellant did not waive this issue. We disagree. After the hearing on the petition, the parties submitted memoranda and presented argument to the court on the legal issues relevant to the case. Appellant's Memorandum of Law discussed whether the injunction of June 8, 1982 was applicable to the change of beneficiaries; it did not, however, assert that the injunction was no longer in effect at the time decedent changed the beneficiaries. In other words, in argument before the lower court, appellant implicitly accepted the *validity* of the June 8 injunction, and simply argued that it did not *apply* to the life insurance policies. We are of the opinion that by failing to preserve the issue of whether the injunction was null and void at the time of the change in beneficiaries in her argument before the lower court, appellant has waived her right to raise the issue before us.

We agree with Judge Wieand that "the sole and exclusive reason for the court's order ... was that the changes had been in contravention

▓▓▓ Appellant next asserts that the divorce action and the ancillary claims abated upon Mr. Lindsey's death. While we agree with this general contention, *see Haviland v. Haviland,* 333 Pa.Super. 162, 481 A.2d 1355 (1984), we feel that it is irrelevant to the instant case. The actions in question herein, i.e., the changes in the beneficiary designations, obviously occurred while Mr. Lindsey was still alive. Furthermore, Mr. Lindsey changed the beneficiaries on his life insurance policies at a time when he was enjoined from disposing of any marital property (we have already stated that appellant has waived any objection to the validity or viability of the injunction). It is axiomatic that a court must have the power to enforce its own orders. Thus, the lower court had the authority to void the disposal of any marital property in violation of its injunction.

This brings us to appellant's third and final issue: whether a change in the beneficiary designation on a life insurance policy is a violation of an order enjoining a party from disposing of "any marital property." Appellant asserts that a change in beneficiary designation is not a conveyance of an asset. We are constrained to agree with appellant that the injunction did not act to restrain Mr. Lindsey from changing the beneficiary designations on the two insurance policies in question.

▓▓▓ It is clear that the naming of a beneficiary on a life insurance policy vests nothing in that person during the lifetime of the insured; the beneficiary has but a mere expectancy. *In re Estate of Miller,* 402 Pa. 140, 146, 166 A.2d 10, 13 (1960), (concurring opinion by Bell, J.); *Equitable Life Assurance Society of the United States v. Stitzel,* 299 Pa.Super. 199, 203–205, 445 A.2d 523, 525–26

of the temporary restraining order and, therefore, were fraudulent and void." Concurring Opinion by Wieand, J. at 79–81. The court's failure to address the legal effectiveness of the June 8 injunction, however, was due to the fact that appellant did not argue in the lower court that the injunction was no longer in effect at the time of the beneficiary change. The court, of course, could not be expected to address an issue that was not before it. The proper place to make this argument in the first instance is in the lower court, not on appeal.

(1982). Furthermore, the naming of a beneficiary on a life insurance policy is sui generis; it is not a conveyance of the insured's assets. *Equitable Life Assurance Society of the United States v. Stitzel, id., citing In re Estate of Henderson,* 395 Pa. 215, 149 A.2d 892 (1959). Thus, when Mr. Lindsey changed the designation of the beneficiary on his two life insurance policies from Mrs. Lindsey to appellant, he did not thereby "convey" any assets to appellant. The changes, therefore, were not disposals of marital assets in violation of the injunction.

■ The lower court found that "[t]he policies constitute 'marital assets' as they were acquired during the marriage, 23 P.S. § 401(f), and were not excluded from such by 23 P.S. § 401(e)." Lower ct. op. at 4. Appellant agrees that the policies constitute marital property, but only to the extent of their cash surrender value. Despite the lack of appellate case law in Pennsylvania on this issue, we agree with appellant's position.[2]

Diligent research has revealed no Pennsylvania appellate cases on point. A number of foreign jurisdictions, however, have held that only the cash surrender value and not the proceeds of a spouse's life insurance policy is presumed to be marital property. *See, e.g., Hinds v. Hinds,* 415 So.2d 1122 (Ala.1982); *Walker v. Walker,* 631 S.W.2d 68 (Mo.App. 1982); *Grost v. Grost,* 561 S.W.2d 223 (Tex.Civ.App.1977). In *Wisner v. Wisner,* 129 Ariz. 333, 631 P.2d 115 (1981), the court stated:

The court adopted the cash surrender value of certain life insurance policies on the husband as being their monetary worth for dissolution. Wife proposes that the policies should have been valued at something greater than their cash value, arguing that, even if an insured has drawn on the cash value of a policy, thus reducing it, the beneficiary is still entitled to the full face value of the

**2.** Some Pennsylvania Court of Common Pleas cases have valued a life insurance policy for equitable distribution purposes as the cash surrender value. *See, e.g., Drake v. Drake,* 24 Pa.D. & C.3d 545 (1982); *Hutchinson v. Hutchinson,* (Allegheny County, Family Division, No. 0796, January, 1981).

policy less any cash drawn, if the insured died. Such an argument is fallacious. An insurance policy upon dissolution is its cash value. *Grost v. Grost,* 561 S.W.2d 223 (Tex.Civ.App.1977); *Ray v. Ray,* 336 S.W.2d 731 (Mo.App. 1960). *See* de Funiak-Vaughn *Principles of Community Property,* § 233, pps. 528–532 (2d Ed., 1971), *cf. Blaine v. Blaine,* 63 Ariz. 100, 159 P.2d 786 (1945) (referring to value of life insurance policies upon dissolution in terms of cash value.)

*Id.* at 338, 631 P.2d at 120.

In *Bishop v. Eckhard,* 607 S.W.2d 716 (Mo.App.1980), while an action for dissolution of marriage was pending, husband changed the beneficiary on his life insurance policy from his wife to his daughter. Before a divorce decree was entered, husband died. Wife brought an action to have the insurance proceeds paid to her rather than to the daughter. The Missouri court stated:

> The appellant's argument that an insurance policy on the life of one of the parties' involved in a dissolution action constitutes marital property is misplaced. To determine the parties assets in a dissolution action a whole life insurance policy becomes marital property because of its cash value.... It is not to be considered on the basis of the potential for future proceeds.

*Id.* at 717–18 (citations omitted). The court noted that it need not specifically address this issue since the dissolution action was made moot by husband's death. Instantly, the action is not moot because we must consider the effect of the court's injunction on the change in beneficiaries. Nevertheless, the reasoning in the above-quoted passage applies equally to the instant case.

We agree with the analysis in these decisions from other jurisdictions. Thus, in the case at bar, only the cash surrender value of the policies could be considered marital property. Only this value, then, was "frozen" by the injunction.[3]

---

**3.** We do not, by this decision, hold that the court did not have the power to order Mr. Lindsey to maintain Mrs. Lindsey as the primary beneficiary of the two policies. We decide only that the instant order

Had Mr. Lindsey not died, and had the case reached the equitable distribution stage, the cash surrender value of the policy owned by Mr. Lindsey would have been included as part of the marital property subject to distribution. Because of Mr. Lindsey's demise, the divorce action and its ancillary claims abated, *Haviland v. Haviland, supra,* and, therefore, Mrs. Lindsey will not receive any portion of the cash surrender value of the policies.

Thus, we find that Mrs. Lindsey's interest as a beneficiary was nothing more than an expectancy. Her interest in the policies themselves was limited to their cash surrender value. Since a change in a beneficiary designation in a life insurance policy is not a conveyance or disposal of a marital asset, Mr. Lindsey's decision to designate appellant rather than appellee as his beneficiary did not violate the lower court's injunction issued on June 8, 1982. Thus, the lower court erred in ordering the beneficiary designations on the two policies to be in the name of appellee.

Reversed and remanded so that the beneficiary designations on both the Prudential and the Washington policies be in the name of appellant Mary Ellen Waitkus and the proceeds distributed to her. Jurisdiction is relinquished.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

I concur in the result. However, I find it unnecessary to determine whether the phrase "marital property" in the restraining order was intended to refer to the face amount or to the cash surrender value of life insurance policies owned by one spouse in which the other spouse was named beneficiary. In this case there was no temporary injunction in effect when the decedent changed the beneficiary on his life insurance.

On June 8, 1982, the trial court issued ex parte a temporary injunction restraining Richard L. Lindsey "from dispos-

enjoining Mr. Lindsey from disposing of "any marital property" did not encompass the change in the beneficiary designation.

ing of any marital property or jointly held assets." This order concluded with the following significant language:

This Preliminary Injunction shall continue until June 11, 1982 at 11:45 a.m. o'clock in Court Room No. 3, Cumb. Co. Court House, Carlisle, Pa. at which time and place a hearing upon Plaintiff's motion for continuance of this injunction and final Interim Order of Distribution of Equitable [sic] pursuant to Section 401(c) of the Divorce Code shall be heard.

The temporary restraining order, therefore, expired by its own terms on June 11, 1982.[1] The record does not disclose any hearing to continue the order; and the record is clear that the restraining order was not extended by further order of the court. Lindsey changed the beneficiary on one of his life insurance policies on July 8, 1982. The beneficiary was changed on the other policy on October 8, 1982. On these dates there was no court order restraining him from changing beneficiaries on his life insurance policies. Therefore, it was error to conclude, as the trial court did, that "the changes [of beneficiary] he made in contravention of the injunction were fraudulent and hence null and void."

The majority holds that this argument was not raised in the trial court and, therefore, is not properly before this Court for review. A brief review of the proceedings, therefore, is necessary and will reveal the basis for my disagreement with the majority's analysis. On January 25, 1983, on petition of Judith Lindsey, the trial court issued a special injunction restraining Prudential Insurance Companies of America and Washington National Insurance Company from paying to Mary Ellen Waitkus, the appellant, any proceeds from policies of insurance issued on the life of Richard Lindsey, who died on October 21, 1982. Mary Ellen

---

1. Pa.R.C.P. 1531(d) provides:

    An injunction granted without notice to the defendant shall be deemed dissolved unless a hearing on the continuance of the injunction is held within five (5) days after the granting of the injunction or within such other time as the parties may agree or as the court upon cause shown shall direct.

See also: *Commonwealth, Department of Public Welfare v. Mallory*, 51 Pa.Cmwlth. 414, 414 A.2d 749 (1980).

Waitkus, who was the named beneficiary on these policies, was permitted to intervene and requested a hearing. A hearing was held, at which the appellee, Judith Lindsey, was the moving party. Her attorney called the appellant, Mary Ellen Waitkus, as of cross-examination. He asked her questions, inter alia, which, together with her answers, were as follows:

Q. Were you aware that that order of court or that an order of court enjoined Mr. Lindsey from disposing of any marital property or jointly-held assets pending resolution of the claim or equitable distribution?

A. Yes, sir. I knew about it.

Q. You did testify earlier that Mr. Lindsey had expressed to you the idea or a feeling that he didn't want his wife to get that insurance money, is that correct?

A. Well, he didn't want her to have it all, that's what he told me after he had done it.

Q. And you said you didn't know that they were done until after they were done?

A. Yes, sir, that's right.

The trial court, following the hearing, entered an order which directed the insurance companies to pay the life insurance proceeds to Mrs. Lindsey. The sole and exclusive reason for the court's order, as already observed, was that the changes had been in contravention of the temporary restraining order and, therefore, were fraudulent and void. On appeal, Mary Ellen Waitkus has argued that this was error, that there was no injunction in effect at the time when the beneficiaries were changed. In my judgment, appellant has done everything possible to preserve this issue, and it is properly before this Court.

The argument, as herein noted, is a valid one. When the decedent changed the beneficiary on the two policies at issue in this case, there was no court order which restrained him from doing so. When the trial court concluded that the change of beneficiary had violated a court issued injunction, the court fell into error. Therefore, I agree with the majority that the order of the trial court should be reversed.