Gants, J.
Plaintiff Maureen Paige married Robert Paige in 1990. Robert, through his employer, had term life insurance in which Maureen was the primary beneficiary. However, by the spring of 1997, Maureen and Robert’s marriage was in peril, leading Maureen to file for divorce on July 2, 1997. On May 21, 1997, roughly six weeks before Maureen had filed for divorce, Robert changed the primary beneficiary on his term life insurance policy from Maureen to his son James, the defendant in this action. Robert died on September 2, 1997, before any divorce judgment had issued. Shortly after his death, Maureen brought this action seeking injunctive relief to prevent the proceeds of Robert’s term life insurance policy from being paid to James. James now seeks summary judgment. After hearing and for the reasons stated below, James Paige’s motion for summary judgment is ALLOWED.
The gist of Maureen’s claim is that, as of May 21, 1997, Robert knew that Maureen was going to file for divorce and fraudulently conveyed the beneficiary designation of his life insurance to his son in order to prevent that designation from being equitably distributed as part of the marital estate. As the Supreme Judicial Court declared in deed v. Noon, 415 Mass. 498 (1993), this argument is fatally flawed on two grounds.
First, for a transaction to constitute a fraudulent conveyance, an asset must in fact be conveyed or transferred. See G.L.c. 109A, §1 et seq. The Court in deed declared, “A change of beneficiary on a policy or a plan is not a conveyance, transfer, or disposal of the proceeds because they are not acquired until the death or retirement of the insured.” Id. at 500. Nor is a term life insurance policy (in contrast with a whole life insurance policy) an asset, since it has no cash surrender value during the life of the policyholder. Rather, *124 a beneficiary’s interest in a term life insurance policy “is a conditional interest subject to defeasance until the death of the insured.” Id. See also Lindsey v. Lindsey, 492 A.2d 396, 342 Pa. Super. 72 (1985), cited in Gleed.
Second, the holder of a term life insurance policy has the right to change the beneficiaiy designation on the policy at any time unless there is a court order preventing or prohibiting the change. Gleed at 500. In Gleed, a divorce action had already been filed and a temporaiy order had issued restraining both husband and wife from “withdrawing, transferring, conveying, assigning, spending, encumbering, pleading, bequeathing or otherwise divesting themselves of any assets in which they have acquired an interest during their marriage to each other and which are subject to division by [the Probate Court] in accordance with [G.L.c. 208, §34].” Id. at 499. After this temporary order had issued and become effective, the husband changed the beneficiary on his life insurance policy, replacing his wife with the defendant Noon. Id. The Supreme Judicial Court permitted the husband to change the beneficiary, finding that it did not violate the terms of the temporaiy order since that order did not specifically prohibit him from changing the bene-ficiaiy on any life insurance policy. Id. at 500. In the instant case, Robert Paige changed the beneficiaiy before any divorce action had been filed and any order had issued. If Mr. Gleed could lawfully remove Ms. Gleed as a beneficiaiy from his life insurance policy (replacing her with his daughter) after a divorce action had been filed and a temporary order had issued that barred the conveyance of any asset, then surely Mr. Paige could lawfully remove Ms. Paige as a beneficiary from his life insurance policy (replacing her with his son) when no divorce action had yet been filed and no order had issued.
ORDER
For the reasons stated above, the defendant’s motion for summary judgment is ALLOWED as to all counts of the plaintiffs complaint.