Filed 04/01/24

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-01451

| In re: Riley, Samuel |
| --- |

## Ruling on Motion for Contempt

This case is an appeal from the March 14, 2023, decision of the probate division in the adult guardianship of Mr. Samuel Riley, who is nonverbal. *In re Riley*, No. 21-PR-2856. Samuel's mother, Katherine Porter, serves as guardian. The guardianship order provides for contact between Samuel and his father, Daniel Riley, subject to Samuel's assent. Following a long period with no contact, Father filed a motion to enforce in the probate court. That led to the probate court's March 14 decision, which ordered a forward-looking process by which a neutral third party (not Mother) would discern Samuel's true intent as to whether he wishes to have contact with Father. Father appealed that order to this Court.

This Court appointed Attorney Sheilagh Smith to represent Samuel in this appeal. Attorney Smith now has filed a motion in this case seeking to enforce the probate court's March 14 decision, contending that Mother has intentionally violated it repeatedly and should be held in contempt, and the Court should impose sanctions. The motion raises serious and important concerns. The Court does not believe the appeal process is the appropriate venue to address those issues, however.

The Court has questions as to its jurisdiction over the appeal in this matter and has set a briefing schedule to decide that issue. It is on firmer ground in concluding that

it lacks jurisdiction for the instant motion.  In the Court's view, the proper venue for such a motion is the probate division that entered the order subject to enforcement.  "It is axiomatic that a court must have the power to enforce its own orders."  *Aither v. Est. of Aither*, 2006 VT 111, ¶ 11, 180 Vt. 472, 478 (*quoting Lindsey v. Lindsey*, 492 A.2d 396, 398 (Pa. Super. Ct. 1985); *see also E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 194 (3d Cir. 2020) ("[E]ach court 'has the inherent power to enforce its own orders,' but generally lacks the power to enforce orders of other courts.'" (citation omitted)).  The March 14 decision is not stayed in the probate division.  *See* Vt. R. Prob. P. 62 ("There is no automatic stay concerning . . . orders issued under . . . 14 V.S.A. chapter 111, subchapter 12 [persons in need of guardianship].");  *cf.* Vt. R. Civ. P. 62(a)(4) (same as to probate appeals).  Probate Rule 62(f) specifically provides: "During the pendency of an appeal, the probate court retains jurisdiction as to matters not involved in the appeal as determined from the questions presented [on appeal].  The court also retains jurisdiction to grant or deny motions for modification of the judgment."  This includes the power to enforce a judgment that is not stayed via contempt.  *See U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020) ("Absent entry of a stay, [the lower court] retains jurisdiction to enforce its judgment— via contempt or other means—during the pendency of an appeal.");  *Resol. Tr. Corp. v. Smith*, 53 F.3d 72, 76 (5th Cir. 1995) ("A [lower court] has continuing jurisdiction in support of its judgment, and '[u]ntil the judgment has been properly stayed or superseded, [it] may enforce it through contempt sanction.'").  The probate division retains jurisdiction to address the contempt matter, which only makes sense.  It is the

probate division that issued the order after hearing and is best positioned to assess ongoing compliance with its commands.

To the extent that counsel may have filed in the civil division because her appointment is limited to representing Samuel in the appeal, the Court hereby expands the scope of her appointment (if she remains willing) to include proceedings relating to the enforcement, modification of, or contempt of the March 14 decision in the probate division.

## Conclusion

For the foregoing reasons, the motion to enforce is denied without prejudice as moot. Counsel may promptly refile in the probate division.

Electronically signed on Monday, April 1, 2024, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge