**Adler v. Adler**

C.P. of Allegheny County, no. F.D. 314 July Term 1980-006.

*Robert Raphael,* for plaintiff.
*Chris F. Gillotti,* for defendant.

EATON, *J.,* June 7, 2001—Plaintiff Lawrence N. Adler (Husband), appeals this court's order dated March 20, 2001, awarding 60 percent of the marital estate to defendant Barbara J. Adler (Wife), denying Wife's request for alimony and granting Wife counsel fees of $50,000 and expert fees of $40,000. In response to this court's order

of April 17, 2001, issued pursuant to Pa.R.A.P. 1925(b), Husband filed a concise statement of matters complained of on appeal. The sole matter of which Husband complains on appeal is the award of counsel fees and expert fees to Wife. Husband contends that Wife cannot demonstrate a financial need for such fees in light of the court's equitable distribution award to her of assets valued in excess of $2 million. Husband further contends that Wife's misconduct during the marriage was so egregious as to justify a basis for denial of counsel fees.

The purpose of an award of counsel fees is to ensure that the financially dependent spouse will be able to maintain or defend against an action for divorce, as well as to effectuate economic justice. *Schubert v. Schubert,* 398 Pa. Super. 284, 580 A.2d 1351 (1990). The statutory provision governing the court's award of fees and expenses contemplates "the administration of fair and impartial justice by placing the parties on a par in defending their rights." *Jack v. Jack,* 253 Pa. Super. 538, 546, 385 A.2d 469, 473 (1978); 23 Pa.C.S. §3702. An award of counsel fees is warranted "when it will promote the fair administration of justice by enabling the dependent spouse to maintain or defend the case without being placed at a financial disadvantage." *Miller v. Miller,* 744 A.2d 778, 790 (Pa. Super. 1999). "Counsel fees are awarded on [a case-by-case basis following] a review of all relevant factors, including the payer's ability to pay, the requesting party's financial resources, the value of the services rendered, and the property received in equitable distribution." *Id.* While counsel fees are awarded only upon a showing of actual need, financial need is no longer the sole determinative factor when making an

award of counsel fees. Rather, Pennsylvania has adopted an equitable approach which requires the court to review all relevant factors, including financial need. The court's order was issued following a three-day trial on the issues of equitable distribution, counsel fees and alimony. The parties were married on December 31, 1968, in Pittsburgh, Allegheny County, Pennsylvania. This was the second marriage for both parties. The parties separated in April of 1980, and have continued to live separate and apart since that date. The Husband filed the within divorce action on April 23, 1980. A decree in divorce was entered on March 17, 1995. Husband did not request equitable distribution by the court until almost 20 years after separation.

Two sons were born of this marriage. Both are emancipated. Although Wife was trained as a nurse and had worked in that profession, she did not work outside the home after the marriage. The Husband is a physician specializing in cardiology and internal medicine. At the time of the parties' marriage, Husband had completed his education and was a partner in Krause, Krause and Adler, the predecessor to his current medical practice. Husband, approaching 68 years of age, is close to retirement.

Wife is 57 years old and in ill health. She is virtually unemployable and has become accustomed to a very high lifestyle. Husband continues to work at a successful medical practice. He has a significant separate estate valued in excess of several million dollars. Wife, in turn, has not acquired any property other than that provided to her by Husband. The court awarded Wife 60 percent of a marital estate valued at $1,388,205. Of this amount,

Wife is to get approximately $383,000 cash. One of the most compelling factors considered by the court in the exercise of its discretion was the enormous disparity in the parties income and separate estates. Having carefully considered the respective financial positions of the parties, the court determined that Husband clearly has the ability to pay these fees and costs and that Wife has shown financial need. In comparing the gross income of the two parties along with their expenses, Wife is certainly in a disadvantageous position. Under similar circumstances, the Superior Court found that the trial court did not abuse its discretion in its award of counsel fees. *Harasym v. Harasym,* 418 Pa. Super. 486, 414 A.2d 642 (1992). While Wife received 60 percent of the marital estate and substantial assets, her assets pale in comparison to those of Husband. Further, the court determined, based on the evidence presented to it, that Wife needs to conserve the cash awarded to her to fulfill her needs so that an award of alimony is not needed.

An award of counsel fees and expenses under the circumstances of this case was necessary to put the parties on a par in this litigation. Wife received no advancement during the pendency of the litigation to defray the substantial fees and costs incurred in this complex litigation. The value of the services rendered was another important factor in the court's award of expert fees. Here, Husband derived a significant benefit from the efforts of Wife's expert. Husband accepted and relied upon much of Wife's expert's findings, therefore obviating the need for his own expert. The expert was of value to the Wife and the court with respect to an important issue on which the parties could not reach agreement. Wife contended

that Husband had a deferred compensation benefit separate and distinct from the fair market value of his share of the medical practice. Husband denied any such separate benefit. Wife's expert presented one-half of day testimony, following which the court found that the current value of Husband's deferred compensation was $204,500. The services rendered by Wife's expert and counsel were of value and the court finds that it would be unfair and inequitable to require Wife to pay such fees and costs out of her share of the marital estate.

Taking into account the totality of the circumstances reflected in the financial award as a whole, the court found that Wife's request for counsel fees and expenses was reasonable and proper. Although the equitable distribution awarded to the Wife provided her with some liquid assets, the court determined, based on the testimony of the parties, that it was essential to preserve those assets for the Wife's use and needs without the burden of the contested attorney's fees. The assessment of the Wife's counsel and expert fees and costs to the Husband allows Wife to defend herself in this divorce action and effectuates economic justice. *Butler v. Butler,* 423 Pa. Super. 530, 621 A.2d 659 (1993), *reversed on other grounds,* 541 Pa. 364, 663 A.2d 148 (1995).