J. A27012/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RASHA KHEDR SHAWARBY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| AMR OMAR SHAWARBY AND THE | : | No. 1972 WDA 2013 |
| ESTATE OF AMR OMAR SHAWARBY, | : | |
| A/K/A AO SHAWARBY, DECEASED | : | |

Appeal from the Order Dated November 20, 2013,
in the Court of Common Pleas of Cambria County
Civil Division at No. 2003-1149

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED FEBRUARY 25, 2015**

Appellant, Rasha Khedr Shawarby ("Ex-Wife"), appeals the order of the Cambria County Court of Common Pleas that granted in part and denied in part her petition for special relief seeking to freeze life insurance proceeds pending equitable distribution.  We affirm.

The trial court summarized the relevant facts of this matter as follows:

> Ex-Wife and Amr Omar Shawarby ["Decedent"] married on April 26, 1984; separated in 2003; and were divorced by Decree dated December 27, 2012. Pursuant to the Decree, the Court retained jurisdiction over equitable distribution; counsel fees and costs; and alimony and alimony *pendente lite*. DECREE IN DIVORCE DATED DECEMBER 27, 2012. In March of 2013, Decedent married Lisa Jean Nelson Shawarby ["Executrix"].  PETITION FOR SPECIAL RELIEF ["PETITION"], ¶11(F).  On July 25, 2013, Decedent died.  *Id.* at ¶2.  On August 2,

2013, Executrix opened an Estate in Cambria County.

During his marriage to Ex-Wife, Decedent purchased two life insurance policies from State Farm Life Insurance Company. At the time of purchase, both policies listed Ex-Wife as beneficiary. BRIEF IN SUPPORT OF THE ESTATE OF AMR OMAR SHAWARBY AND ON BEHALF OF LISA SHAWARBY, WIDOW OF AMR SHAWARBY [collectively referred to as "BRIEF OF EXECUTRIX"], pp. 2-3. The first policy is a term policy with a face value of $385,000.00; the second policy is a universal life policy with a face value of $140,000.00. *Id.* at 2. In 2003, Decedent changed the beneficiary designation from Ex-Wife to the children of Ex-Wife and Decedent. BRIEF IN SUPPORT OF A CLAIM FOR LIFE INSURANCE PROCEEDS BY RASHA KHEDR SHAWARBY FOR PURPOSES OF EQUITABLE DISTRIBUTION OF PROPERTY ["EX-WIFE'S BRIEF"], Ex. 4. In 2011, Decedent changed the beneficiary designation to Executrix. *Id.* Ex-Wife learned of the insurance policies and the changes to the beneficiary designations after Decedent's death. EX-WIFE'S BRIEF, p.5.

On August 7, 2013, Ex-Wife filed the instant Petition requesting, *inter alia*, the Court to freeze the life insurance proceeds pending the outcome of equitable distribution. PETITION, ¶18. The Court temporarily granted the freeze by Order dated August 7, 2013. ORDER DATED AUG. 7, 2013. This Court conducted a Hearing on September 27, 2013 and deferred ruling pending submission of briefs. Executrix filed a brief on October 4, 2013; Ex-Wife filed her Brief on October 17, 2013.

Trial court opinion, 11/22/13 at 2-3.

On November 21, 2013, the trial court docketed the following order which is the subject of this appeal:

J. A27012/14

## ORDER

AND NOW, this 20th day of November, 2013, it is hereby ORDERED AND DECREED as follows:

1.  The Petition for Special Relief filed on behalf of Rasha Khedr-Shawarby is GRANTED IN PART and DENIED IN PART.

2.  The temporary injunction filed for record at Case Number 2013-2999 on August 7, 2013 is VACATED.

3.  The Cambria County Prothonotary is DIRECTED to distribute the proceeds of the term policy issued by State Farm Insurance Company, policy number LF 1733-2552, plus any interest thereon, to the beneficiary, Lisa Jean Nelson Shawarby.

4.  The Cambria County Prothonotary is further DIRECTED to freeze the universal life policy issued by State Farm Insurance Company, policy number LF 1733-2511, until such time as the parties determine the cash surrender value at the time of separation and provide a proposed Order to the Court for the continued freezing of the surrender value only.

5.  The parties shall mutually determine the benefits payable for each policy and shall instruct the Prothonotary accordingly.

Order, Certified record, document #48.

The above order directed that the term life insurance policy proceeds in the amount of $385,000 be paid to the Executrix, and the $140,000 proceeds of the universal life insurance policy continue under the freeze

- 3 -

order until the marital component was determined. Ex-Wife filed a motion for stay or **supersedeas** that was denied by the trial court. Consequently, the proceeds of the term policy have been paid to the Executrix. Ex-Wife was ordered to file a Rule 1925(b) statement and she complied.

Ex-Wife raises two issues for our consideration:

> A. The trial court abused its discretion in dissolving the injunction previously granted by order dated August 7, 2013.
>
> B. The trial court abused its discretion in failing to designate the proceeds of both life insurance policies as marital property subject to equitable distribution, and in distributing the proceeds of the term life policy (#LF 1733-2552) to a beneficiary who is a third party to the divorce action.

Ex-Wife's brief at 8. We note both issues are combined into one argument; therefore, we will address them together.

Ex-Wife claims this case presents a novel question of whether or not life insurance proceeds are "marital property." We disagree, as this court has addressed this question. In **Lindsey v. Lindsey**, 492 A.2d 396 (Pa.Super. 1985), following the husband's death, the wife brought an action to have the beneficiary changes on her husband's two life insurance policies declared null and void, and to have the proceeds distributed to her because there was an order enjoining the husband from disposing of marital property. **Id.** at 397. The trial court agreed with the wife and found that the changes in beneficiary designations were in violation of a court order.

*Id.* The third party beneficiary appealed. This court reversed the decision of the trial court. The primary issue we addressed concerned whether a change in the beneficiary designation on a life insurance policy is a violation of an order enjoining a party from disposing of "any marital property." *Id.* at 398. In discussing this issue, we opined:

> It is clear that the naming of a beneficiary on a life insurance policy vests nothing in that person during the lifetime of the insured; the beneficiary has but a mere expectancy. Furthermore, the naming of a beneficiary on a life insurance policy is *sui generis*; it is not a conveyance of the insured's assets. Thus, when Mr. Lindsey changed the designation of the beneficiary on his two life insurance policies from Mrs. Lindsey to appellant, he did not thereby "convey" any assets to appellant. The changes, therefore, were not disposals of marital assets in violation of the injunction.

*Id.* (internal citations omitted). The *Lindsey* decision went on to hold that only the cash surrender value of life insurance policies could be considered marital property. *Id.*

The case *sub judice* involves two insurance policies: one, a term policy for $385,000, and the other, a universal life policy for $140,000. By its very nature, the term policy has no value until the death of the principal. Ex-Wife and Decedent separated in 2003 and were divorced on December 27, 2012. Decedent changed the beneficiary designation to Executrix in July of 2011. Decedent died on July 25, 2013. Clearly, Ex-Wife has no claim on the term policy that had no value until the death of decedent.

The second insurance policy is a universal life policy. According to the Executrix, the cash surrender value of the $140,000 universal life policy on the date of Ex-Wife's separation from Decedent has been determined to be $1,481.35. (Executrix's brief at 4, 6, 10-11. **See** letter from State Farm Insurance Co. dated October 4, 2013, RR at 285.) Executrix contends the $1,481.35 sum is the amount due Ex-Wife as marital property.

In another case decided shortly after **Lindsey**, this court determined that the proceeds of a life insurance policy do not constitute marital property. In **Oswald v. Olds**, 493 A.2d 699 (Pa.Super. 1985), the wife and the decedent were married at the time a life insurance policy was purchased. **Id.** at 700. The wife was designated the beneficiary. Subsequently, the wife commenced a divorce action, and the decedent changed the beneficiary to a third party, Evelyn Olds. **Id.** The wife was made aware of the beneficiary change during the course of divorce proceedings. **Id.** The decedent died while the divorce action was still in progress. **Id.**

This court determined upon the death of the decedent, the divorce action abated, and as a consequence, the wife could no longer assert her rights under the Divorce Code. **Id.** at 701. We went on to state:

> Even if [wife's] right to equitable distribution did not cease with the abatement of the divorce action by appellee's decedent's death, the proceeds would still not constitute marital property, which is defined as property acquired during the marriage. 23 Pa.C.S. 401(f). The proceeds of a life insurance policy on a spouse cannot, obviously, be acquired during the marriage since proceeds are paid upon death.

- 6 -

> Consequently, that is not an asset acquired during lifetime or marriage. While the potential of subsequently acquiring the proceeds did, naturally, arise during the marriage, that could never arise to an actuality during the marriage.

*Id.* Thus, according to **Lindsey**, **supra**, **and Olds**, **supra**, the face value of an insurance policy is its benefit value and is a mere expectancy and therefore not capable of distribution.

Ex-Wife and Executrix both discuss **Schubert v. Schubert**, 580 A.2d 1351 (Pa.Super. 1990), a divorce case, decided five years after **Lindsey** and **Olds**, where the wife appealed the trial court's equitable distribution award. In **Schubert**, the husband owned two insurance policies on the life of the parties' daughter. *Id.* at 1353-1354. The daughter died after the parties separated, and the husband received the death benefits. *Id.* at 1354. This court declined to apply the holding in **Lindsey**, explaining as follows:

> While Section 401(f) of our Divorce Code generally provides that all property "acquired by either party during the marriage is presumed to be marital property," Section 401(e)(4) excludes "[p]roperty acquired after final separation until the date of divorce, *except for property acquired in exchange for marital assets* (emphasis added)." This section of the divorce code is applicable here, unlike in **Lindsey**, because appellee/husband received the proceeds of the policy subsequent to the parties' separation. In **Lindsey**, as noted **supra**, the insurance proceeds were paid to a third party. Furthermore, we find that these proceeds constitute marital property subject to equitable distribution since they were acquired in exchange for marital assets.

*Id.* at 1354-1355.

Instantly, the trial court discussed both **Lindsey** and **Schubert** and concluded:

> In the case at bar, this Court cannot apply the reasoning in **Schubert** because the instant policy proceeds were not paid to either Ex-Wife or Decedent after separation. Here, like **Lindsey**, the proceeds of the policies accrued to a third party, i.e., Executrix, and only the cash surrender value of the policies is subject to distribution. The cash surrender value of the universal life policy has yet to be determined; the term policy, by definition, has no cash surrender value. [] Thus, it is necessary to continue to freeze the proceeds of the universal life policy until the cash surrender value at separation is determined and the property is addressed in equitable distribution.

Trial court opinion, 11/22/13 at 4 (footnote omitted).

We note life insurance proceeds are unlike pensions and retirement benefits that are marital property subject to equitable distribution regardless of whether the benefit is vested or has matured. If the benefits resulted from employment during the marriage, these benefits are marital property because they are conferred, not as a gift by the employer, but as part of the employee's compensation package.

Life insurance proceeds are also different from personal injury settlements. Section 3501(a)(8) of the Divorce Code excludes "[a]ny payment received as a result of an award or settlement for any cause of action or claim which accrued prior to the marriage or after the date of final separation regardless of when the payment was received." 23 Pa.C.S.A. § 3501(a)(8). In **Focht v. Focht**, 32 A.3d 668, 674 (Pa. 2011), our

supreme court held that settlement monies received by the husband, post-separation from the wife, in his personal injury tort action, were marital property because his cause of action accrued prior to separation.

Life insurance is a contract (insurance policy) in which the insurer (insurance company) agrees for a fee (insurance premiums) to pay the insured party all or a portion of any loss suffered by accident or death. As a practical matter, Decedent could have let the policies lapse through failure to pay or he could have canceled them altogether. Ex-Wife could not have forced Decedent to maintain life insurance just as she could not force him to keep her as a beneficiary under the policies.[1]

Based on the above, we find no error or abuse of discretion when the trial court dissolved the injunction releasing the insurance proceeds to Executrix.

Order affirmed. Motion to quash filed by Executrix is denied.[2]

Judgment Entered.

[1] We recognize the Divorce Code allows trial courts to direct the continued maintenance and beneficiary designations of existing life insurance policies. **See** 23 Pa.C.S.A. § 3502(d). However, that was not the case instantly.

[2] Although this matter occurs within the context of an equitable distribution proceeding, we determine that to the extent these proceedings dissolve an injunction and allow for the proper distribution of life insurance proceeds as between Executrix and a third party, the trial court's order dated November 20, 2013, is a final order.

J. A27012/14

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>2/25/2015</u>