Mary Kathryn Nentwig
**YUHAS, Appellant**

v.

**Thomas Richard YUHAS, Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 13, 2013.

Filed Oct. 28, 2013.

---

Thomas H. Tropp, Philadelphia, for appellant.

Robert I. Whitelaw, Philadelphia, for appellee.

BEFORE: BENDER, P.J., GANTMAN, J., PANELLA, J., DONOHUE, J., SHOGAN, J., LAZARUS, J., MUNDY, J., OTT, J., and WECHT, J.

OPINION BY BENDER, P.J.

Mary Kathryn Nentwig Yuhas (Wife) appeals from the trial court's order of June 6, 2011, denying her exceptions to the Master's Report and Recommendation (Master's Report), dated February 8, 2011, and ordering that the monthly disability insurance payments received by Thomas Richard Yuhas (Husband) after October 1, 2007, are not to be considered marital property under the analysis in *Drake v. Drake*, 555 Pa. 481, 725 A.2d 717 (1999).[1] Following our review, we affirm.

The facts underlying this case are generally not in dispute. Husband and Wife were married on June 4, 1988, and separated on July 20, 2007.[2] At the time the trial court issued its opinion, the parties were both 51 years old. Wife worked as a nurse anesthetist. Husband, who was a board certified vascular surgeon, had practiced for 13 years before undergoing surgery for carpal tunnel syndrome. The surgery left him unable to operate.

The "Disability Income Policy" at the heart of this matter was issued in late 1988 shortly after Husband and Wife's marriage. The premiums were paid by the parties from their personal funds from late in 1988 until April 1993 and then in August 1993, November 2006 and April 2007. All other premium payments were paid through Husband's medical practice. Hus-band applied for benefits under the policy in April of 2007 and was approved for those benefits in late July of 2007. He received a lump sum retroactive payment of $71,000 covering the period from January 2007 to July 30, 2007. The parties agreed that this payment was marital property. After that date, Husband received monthly disability checks for $10,200. These monthly payments are contingent upon proof of Husband's continuing disability, *i.e.*, his inability to work at his former occupation as a surgeon.[3]

Wife filed a complaint in divorce on October 8, 2007, and the Master was appointed. Following a hearing held on September 14, 2009, the Master determined that all of Husband's monthly disability benefits were marital property pursuant to the Supreme Court's *Drake* decision. Husband filed exceptions, and by order issued March 22, 2010, the trial court sustained Husband's exception to the Master's Report concerning the characterization of the monthly disability payments. In the March 22nd order, the trial court stated that "[w]e find that any monthly disability insurance payments received by [Husband] starting on the date of the first six-month renewal after the parties' separation on July 20, 2007 are income but are not marital property." Trial Court Order, 3/22/10, at ¶ 1. The court further explained:

In determining whether disability insurance payments constitute marital property, the court must "look only to the timing of the right to receive [the payments]." *Drake v. Drake*, 555 Pa. 481,

---

1. The trial court also issued the divorce decree on June 6, 2011, setting forth the equitable distribution of the parties' marital assets. The court further addressed an issue concerning the custodial funds and dependency exemptions with regard to the parties' three children. *See* Divorce Decree, 6/6/11.

2. Although the exact date of separation was contested by the parties, the trial court determined the most accurate date to be July 20, 2007. This fact is not pertinent to the issue presently before this Court.

3. Husband's proof of continuing disability was initially required every six months, but is presently required only once every year.

489–99, 725 A.2d 717, 725–26 (1999) (citing 23 Pa.C.S.A. § 3501(a)(8)). Here, Husband's disability payments "are not guaranteed but renewable every six months." Master's Report, 11/20/09, at 16 (citing N.T., 9/14/09, at 37). Therefore, Husband's right to receive disability payments terminates and re-accrues, if at all, every six months.

*Id.* at 1 n. 1. The trial court then remanded the matter to the Master for additional proceedings relative to the disability payment and an issue concerning Husband's earning capacity. Following the hearing, the Master issued a Supplemental Report on February 8, 2011, incorporating the trial court's directive that the monthly disability payments received after September 2007 are to be deemed income and not marital property.

Wife filed exceptions to the Master's Supplemental Report, which were overruled by the trial court's June 6, 2011 order that is presently the subject of this appeal. The June 6th order provided the following explanation of the court's reasoning for determining that Husband's monthly disability payments are income and not marital property:

[Husband] applied for disability in April, 2007, three months before the parties separated on July 20, 2007. N.T. 10/6/10, p. 6. His application was approved on July 18, 2007. *Id.;* Exhibit J–2, 10/6/10. The payments which accrued before the parties separated are clearly marital property. The issue presented to us is whether all of the future payments [Husband] may receive are also marital property. We conclude, after reviewing the facts of this case and the applicable law, that they are not marital property.

The Supreme Court has instructed us in *Drake* that the Pennsylvania Divorce Code, 23 Pa.C.S.A. § 3101 *et seq.*, re-

quires a case by case determination which looks at the timing of the payments under the "mechanistic" method rather than an "analytic" method, which looks more to the purpose of the award. It is important to note that the *Drake* court was dealing with a lump sum payment under a commuted workers' compensation award. The commuted amount was agreed to and binding during the marriage and before the date of separation.

We have read the Disability Policy, Exhibit D–2, 9/14/09, the 2008 "Reservation of Rights" letter from the insurance company, Exhibit D–3, 9/14/09, and [Husband's] testimony about them, N.T., 9/14/09, p. 37, N.T. 10/6/19, pp. 180–81, which makes clear that the payments are not guaranteed but are now renewable every year based on the insurance company's right to continuing evaluation of [Husband's] condition.

The letter notes the disability is claimed to arise from numbness in his left hand and fingers coupled with back pain from degenerative disk disease, which precludes him [sic] standing for more than two hours and lifting more than 50 pounds. The letter went on to advise that this is an "ongoing claim" and the insurance company has a right to require periodic examinations and proof that the disability continues. The letter insisted on additional and continuing documentation. The payments were being made under a "reservation of rights" and repayment could be demanded under some conditions.

[Husband's] condition appears to be something other than a single traumatic event or illness which can be pinpointed in time and duration. The payments he receives are subject to review of his condition which could change for the better or the worse. Unlike the facts in

*Drake,* only the payments [Husband] received in August 2007 and September 2007 accrued prior to the parties' separation in July, 2007. (The insurance policy at that time had a two[-]month renewal period.) All other payments were conditional, and did not accrue prior to the parties' separation. Accordingly, any disability payments made on or after October 1, 2007, are not marital property.

Trial Court Order, 6/6/11, at 1–2 n. 1.

Wife filed the instant appeal and questions whether the trial court erred in concluding that the disability payments received by Husband after the date of separation should not be considered marital property. *See* Wife's brief at 5. Generally, in addressing the type of issue raised in this appeal, we are guided by the following:

> Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.

*McCoy v. McCoy,* 888 A.2d 906, 908 (Pa.Super.2005) (citations omitted). Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence. *Sternlicht v. Sternlicht,* 822 A.2d 732, 742 (Pa.Super.2003), *aff'd,* 583 Pa. 149, 876 A.2d 904 (2005).

Wife acknowledges that "[t]he disability payments are paid subject to *continuing* proof of loss" and that "now once a year, Husband is examined by his doctor who then completes a form and says that Husband has the same condition and that he cannot operate." Wife's brief at 10–11,

¶¶ 8, 9. However, Wife argues that the law as set forth in *Drake* and in *Focht v. Focht,* 613 Pa. 48, 32 A.3d 668 (2011), controls the outcome of the question raised in this appeal. Specifically, Wife points out that Husband became totally disabled prior to the parties' date of separation and that he applied for and was approved to receive the disability benefits prior to separation. Therefore, Wife contends that "Husband's right to receive the disability payments accrued prior to the parties' date of separation" and, therefore, those payments should be considered marital property. Wife's brief at 12. Moreover, Wife asserts that the trial court's conclusion that Husband's right to the disability payment terminates and re-accrues, if at all, once a year is not supported by Husband's testimony or in the language of the disability policy.

To address Wife's argument, we first examine the pertinent statutory language that is the basis for the decisions in both *Drake* and *Focht,* which is found in section 3501(a) of the Divorce Code. That section defines marital property as "all property acquired by either party during the marriage." 23 Pa.C.S. § 3501(a). Moreover, "[t]he statute presumes that property acquired during the marriage is 'marital.'" *Focht,* 32 A.3d at 670 (citing *Drake* ). The *Focht* opinion also recognizes that section 3501(a) lists exceptions to the presumption, namely, that property acquired prior to marriage or after separation is not considered marital property. *See* 23 Pa.C.S. § 3501(a)(1), (4). Additionally, *Focht* identifies subsection (8), another classification of property that is not considered marital. That exception states:

> (8) Any payment received as a result of an award or settlement for any cause of action or claim which *accrued* prior to the marriage or after the date of final

separation regardless of when the payment was received.

23 Pa.C.S. § 3501(a)(8) (emphasis added).

In *Drake*, a case that involved a lump sum commutation of workers' compensation benefits, our Supreme Court defined the relevant time of accrual as "when the right to receive that payment arose." *Drake*, 725 A.2d at 726. Even though the Court acknowledged that part of the husband's commutation award included payments that he otherwise would have received well beyond the parties' divorce, which could be classified as future earnings, the Supreme Court nevertheless held that "when [h]usband entered the commutation agreement he exchanged those future earnings for the right to receive a lump sum monetary award." *Id.* The Court then commented that "[t]he critical question was not whether the award represented a benefit period extending past the marriage, but whether the right to seek a commutation of those earnings accrued during the marriage." *Id.*

In *Focht*, the husband sustained a serious injury in an accident at a raceway. Two weeks later the husband and his wife retained counsel and filed suit against the raceway. Although the lawsuit was eventually settled, the parties had separated prior to the time of settlement. During the divorce proceedings, the trial court found the settlement amount to be marital property. However, on appeal this Court reversed, concluding that the settlement had been reached after the parties' final separation and, thus, the amount derived from the negligence action was not marital property. The Supreme Court reversed, explaining that the "critical question" was whether the husband's right to seek damages for his personal injury by filing a suit accrued during his marriage, not whether his suit was settled during the marriage. Specifically, the *Focht* court explained:

There is no question that Appellee's cause of action in negligence accrued during his marriage: the accident in which Appellee was injured occurred during his marriage, and he became aware of his serious injuries and of the [r]aceway's negligence during his marriage, as shown by the fact that he retained counsel and filed suit against the [r]aceway during his marriage. All of these events occurred one to two years before the parties' final separation. Thus, because Appellee's cause of action accrued during the marriage, before the parties' final separation, proceeds from the settlement of the suit are marital property. The marital property exception set forth in subsection 3501(a)(8) does not apply, and it is irrelevant that the parties had finally separated by the time the suit settled and the settlement award was liquidated.

*Focht*, 32 A.3d at 674 (citations to the record omitted).

■ Both *Drake* and *Focht* emphasize the concept of the accrual of a cause of action, "(*i.e.*, when an injury has been inflicted, leading to the right to institute and pursue a suit for damages)." *Id.* at 671. The two decisions direct that based upon the determination of the date of the accrual of a cause of action, a court applies subsection 3501(a)(8) to characterize whether the property is marital or non-marital in the divorce proceeding.

■ Comparing the instant case with *Drake* and *Focht*, we are compelled to conclude that the appeal presently before us does not fall within the confines of subsection (a)(8), because it does not arise from an injury that leads to a right to institute a suit for damages. In other words, the payments received by Husband here are not "payments received as a result of an award or settlement for any cause of action or claim." 23 Pa.C.S.

§ 3501(a)(8). Husband did not contemplate any legal action, nor did he possess a claim against anyone or any entity. Rather, the monthly disability payment is based upon a contract of insurance and is an insurance benefit from a policy that ensured replacement of income if Husband became unable to work at his former occupation as a surgeon. The fact that the monthly disability payment is in lieu of future income is of no moment. *See Drake*, 725 A.2d at 725–26. Rather, we note that the insurance company's requirement that Husband submit to yearly examinations relates Husband's receipt of benefits to his condition, whether it improves, worsens or remains the same.

Moreover, both *Drake* and *Focht* involved lump sum payments, not monthly payments that are contingent upon proof of continuing disability. As characterized by the trial court, each year following Husband's submission to the insurance carrier, a determination is made either to approve benefits for the coming year or to discontinue them. This situation is not akin to a lump sum commutation payment in a workers' compensation case as in *Drake;* nor is it analogous to a settlement in a personal injury suit as in *Focht.* If any accrual, *i.e.*, the existence of an enforceable right,[4] comes to fruition, it is conditioned each year on Husband's submission and the insurance company's actions on that submission. Accordingly, we conclude that the trial court's decision to identify Husband's monthly disability benefit that he received after separation as non-marital property is in concert with the language of the Divorce Code and case law. Furthermore, we note that in arriving at its conclusion, the trial court relied on testimony from Husband and the documents submitted by him that clarify that the payments are not guaranteed for Husband's lifetime;

they are conditional on Husband's continuing disability. Therefore, we affirm the trial court's order.

Order affirmed.

Judge DONOHUE files a dissenting opinion in which Judge OTT and Judge WECHT join.

## DISSENTING OPINION BY DONOHUE, J.:

I agree with the learned Majority that payments made pursuant to an insurance policy do not fit within the exception to the definition of marital property codified at 23 Pa.C.S.A. § 3501(a)(8) (exempting from marital property "[a]ny payment received as a result of an award or settlement for any cause of action or claim which accrued prior to the marriage or after the date of final separation regardless of when the payment was received."). As the Majority recognizes, the right to a tort or workers' compensation award is based upon the occurrence of an event that gives rise to an actionable claim, and our law provides that if that event occurs during marriage, any proceeds received as a result thereof will be deemed a marital asset. Maj. Op. at 705–06. The Majority also recognizes that benefits received pursuant to an insurance contract cannot be likened to "payments received as a result of an award or settlement for any cause of action or claim" because one does not contract for a tort or workers' compensation award, but one does pay for the right to receive insurance benefits. *Id.* I depart from the Majority in its conclusion that insurance benefits received by Husband after the parties' separation should be treated as *income to* Husband and not as marital property.

In my view, the salient inquiry is whether the premium payment preceding the

---

**4.** *See* Black's Law Dictionary, 8th Ed. (2004),  as referenced in *Focht,* 32 A.3d at 671.

filing of a claim was made during marriage with marital funds. That is because the Divorce Code provides that with a few exceptions, all property purchased by either party during the marriage will be deemed marital property. 23 Pa.C.S.A. § 3501(a) ("As used in this chapter, 'marital property' means all property acquired by either party during the marriage[.]"). As such, if an insurance policy is purchased during marriage, it is no different from any other marital property.[1] The proceeds received from this marital asset must also be deemed marital property.

Support for this position is found in *Schubert v. Schubert*, 580 A.2d 1351, 1352 (Pa.Super.1990). In that case, the wife argued that the trial court erred in excluding proceeds from two life insurance policies from the marital estate. Both of the policies were purchased by the husband during marriage through his employer, named him as the only beneficiary, and were taken on the life of the parties' daughter, who died five months after the parties separated. The wife argued that the proceeds from these policies were marital property because they were purchased during marriage with marital funds. *Id.* at 1354. We agreed, concluding that although the right to receive benefits under the policies accrued to the husband after separation, wife was "entitled to a share of the proceeds of the aforementioned insurance policies [because] the policies were not only purchased but maintained with marital funds." *Id.* at 1355; *see also De-Masi v. DeMasi*, 366 Pa.Super. 19, 530 A.2d 871, 885 (1987) (finding insurance policy proceeds received after separation on policies purchased during marriage are marital property).

Further, in the case at hand, the fact that Husband must be re-evaluated yearly does not alter my position, as I do not view the yearly determination of Husband's disability—or his initial claim under the policy, for that matter—as the critical point in time for our inquiry. As stated above, in my opinion the critical inquiry is whether the insurance policy under which Husband submitted a claim was purchased with marital or non-marital funds. I see the yearly evaluations as necessary only to determine whether the benefits under the policy will continue or terminate. Unlike a situation in which the insurance policy benefit is paid in a lump sum (such as with life insurance), the policy at issue provides that Husband will receive benefits for as long as his disability persists.[2] *See* Disability Income Policy at 3 (indicating a maximum benefit period of life where, as here, Husband suffers total disability before the age of 65). Tying the determination of whether the benefits are marital to the nature of the funds used to purchase the policy allows us to treat this insurance policy (or any insurance policy that is in benefit status) similarly to all other marital property under the Divorce Code.

It is undisputed that the policy at issue was purchased during the marriage, and that the 2007 premium for this policy—that is, the premium paid prior to Husband's submission of a claim—was paid for with marital funds. Thus, the policy is indisputably marital property, and so I

---

1. Indeed, this Court has recognized that the cash surrender value of a life insurance policy is marital property subject to equitable distribution. *See Fexa v. Fexa*, 396 Pa.Super. 481, 578 A.2d 1314, 1319 (1990); *Lindsey v. Lindsey*, 342 Pa.Super. 72, 492 A.2d 396, 399 (1985).

2. Should the insurance company deem Husband no longer disabled, it will cease to pay benefits under this policy and this marital asset will cease to exist. To insure that he receives the same type of coverage should he become disabled again, Husband would have to purchase a new policy.

would find that all payments made thereunder, no matter when they are received by Husband, are subject to equitable distribution. Therefore, I respectfully dissent.