J-A16037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ARTHUR L. IVES, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| KATHRYN E. IVES, | : | |
| | : | |
| Appellee | : | No. 1929 WDA 2012 |

Appeal from the Decree entered on November 5, 2012
in the Court of Common Pleas of Warren County,
Civil Division, No. A.D. 355 of 2010

BEFORE:  DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED AUGUST 11, 2014**

Arthur L. Ives ("Husband") appeals from the Decree in Divorce entered by the trial court in his divorce proceedings against Kathryn E. Ives ("Wife"). We affirm the Decree.

The trial court set forth the relevant procedural history in its Opinion, which we incorporate herein by reference. *See* Trial Court Opinion, 2/13/13, at 2-3.[1]

On appeal, Husband raises the following issues for our review:

1. Did the [trial c]ourt err as a matter of law [by] attempting to cure the defect apparent on the docket by amending the divorce decree by its [O]rder of December 4, 2012[,] filed on December 4, 2012[,] at 4:06 p.m.[,] after a Notice of Appeal had been filed to the Superior Court on December 4, 2012 at 3:33 p.m.[,] where there is no statutory authority for the [trial c]ourt to *sua sponte* "amend" when said "amendment"

---

[1] Wife filed a separate appeal, which is not at issue herein.

does not conform to the authority of the [t]rial [c]ourt after appeal[,] as provided by Pa.R.A.P. 1701(b)(1)(2)?

2. Did the [trial c]ourt err as a matter of law [by] ruling on exceptions to the Court Hearing Officer's Report and Recommended Order in equitable distribution prior to the time that a divorce had been granted to the parties?

3. Did the [trial c]ourt err as a matter of law [by] granting the divorce [Decree] after equitable distribution had been confirmed where the [t]rial [c]ourt did not hold a hearing in [c]onformity with 23 Pa.C.S.A. § 3323(b) and where there was no stipulation for bifurcation[,] nor bifurcation granted[,] by the [trial] court after hearing pursuant to 23 Pa.C.S.A. § 3323(c.1)?

4. Did the [trial c]ourt err as a matter of law [by] equitably dividing [Husband's] disability pension?

Brief for Husband at 5 (issues renumbered for ease of disposition).

In his first issue, Husband contends that, after he filed his Notice of Appeal, the trial court was divested of authority to amend the November 5, 2012 Decree in Divorce to incorporate its October 1, 2012 Opinion and Order ruling on the parties' exceptions to the court hearing officer's final equitable distribution report.[2] *Id*. at 22.

Pennsylvania Rule of Appellate Procedure 1701(a) provides, in pertinent part, as follows:

Except as otherwise prescribed by these rules, after an appeal is taken . . ., the trial court . . . may no longer proceed further in the matter.

---

[2] The trial court's Opinion and Order is dated September 28, 2012, but was not filed until October 1, 2012.

Pa.R.A.P. 1701(a); *see also Prall v. Prall*, 698 A.2d 1338, 1340 (Pa. Super. 1997) (holding that the trial court was divested of its jurisdiction after wife filed an appeal, and lacked the authority to issue an order dismissing wife's exceptions to the master's report); *see also* 42 Pa.C.S.A. § 5505 (stating that a trial court may modify or rescind any order within 30 days if no appeal from such order has been taken or allowed).

However, Rule 1701(b) provides certain exceptions to the general prohibition, and permits the trial court to take certain actions after an appeal has been filed. Pursuant to Rule 1701(b)(1), the trial court is permitted to, among other actions, "correct formal errors in papers relating to the matter" while an appeal of the matter is pending. Pa.R.A.P. 1701(b)(1).

Here, we believe that the trial court entered the December 4, 2012 Findings and Decree in Divorce in an effort to formally correct its November 5, 2012 Decree in Divorce, which inadvertently failed to incorporate its October 1, 2012 Opinion and Order ruling on the parties' exceptions to the court hearing officer's final equitable distribution report.[3] Because the trial court did not make a substantive modification of either the November 5, 2012 Decree in Divorce or the October 1, 2012 Opinion and Order, the trial

---

[3] Pursuant to 23 Pa.C.S.A. § 3323(b), the contents of a divorce decree "shall include . . . an order determining and disposing of existing property rights and interests between the parties ...." Here, the November 5, 2012 Decree in Divorce failed to incorporate the trial court's October 1, 2012 Opinion and Order ruling on the parties' exceptions to the court hearing officer's final equitable distribution report. Thus, it failed to conform to Section 3323(b).

court's entry of its December 4, 2012 Findings and Decree in Divorce was a permissible correction under Rule 1701(b)(1).[4]  **See** Pa.R.A.P 1701(b)(1); **see also Hoag v. Hoag**, 646 A.2d 578, 580 n.2 (Pa. Super 1994) (holding that the trial court's entry of an amended support order, after an appeal had been filed, to clarify and correct its prior support order, conformed with Rule 1701(b)(1) because it was not a substantive modification of the prior support order); **Sell v. Sell**, 714 A.2d 1057, 1063 (Pa. Super. 1998) (holding that the trial court's entry of an amended support order awarding counsel fees to mother, after an appeal of the prior support order had been filed, was permitted by Rule 1701(b)(1) because the award of counsel fees was already of record, but had been inadvertently omitted from the prior order).

Because we have determined that the trial court's December 4, 2012 Findings and Decree in Divorce conforms to Rule 1701(b)(1), Husband's second and third issues are moot.

In his final issue, Husband contends that the trial court erred by equitably dividing his early retirement pension because it was recomputed as

---

[4] We note that the trial court's attempt, in its December 4, 2012 Findings and Decree, to rule on Husband's Motion to Vacate the November 5, 2012 Decree in Divorce was not permissible under Rule 1701(b)(1).  **See Manack v. Sandlin**, 812 A.2d 676, 682 (Pa. Super. 2002) (holding that the trial court's order denying a motion to vacate the default judgment, entered after an appeal of the default judgment had been filed, was null and void because it did not constitute a corrective order).  Thus, this aspect of the December 4, 2012 Findings and Decree is null and void.  **See id**.

a disability pension based on an award of Social Security Disability.[5]  Brief for Husband at 11.  Husband concedes that he mischaracterized the character of his pension during the initial equitable distribution hearing, but asserts that the trial court failed to consider the exhibits entered into evidence by the parties which, he contends, clearly establish that his pension is now a disability pension.  *Id*. at 11-12.  Husband acknowledges that his monthly early retirement pension payments were marital property, but claims that, because his early retirement pension was converted to a disability pension, it is no longer a marital assert subject to distribution.  *Id*. at 12.

In general, this Court will not disturb a trial court's equitable distribution order absent an abuse of discretion or error of law that is demonstrated by clear and convincing evidence.  *See Taper v. Taper*, 939 A.2d 969, 973 (Pa. Super. 2007).

Our Supreme Court has held that disability payments are not, *per se*, excluded from the definition of marital property for equitable distribution

---

[5] The parties were separated on November 26, 2009.  Husband, a member of the Boilermakers Union, took an early retirement (at age 55) effective May 2, 2010, and began receiving early retirement pension payments in the amount of $2,192.67 per month.  In May 2011, Husband was awarded Social Security Disability benefits, to be paid monthly in the amount of $1,851, retroactive to September 1, 2010.  In June 2011, Husband elected to convert his early retirement pension to a disability pension.  Based on the Social Security Disability award, Husband's early retirement pension was recomputed, and increased to $3,052.54 per month, retroactive to September 1, 2010.

purposes. **Drake v. Drake**, 725 A.2d 717, 724 (Pa. 1999).[6] As the **Drake** Court explained, the Divorce Code presumes that all benefits that accrued during the marriage are marital property, and makes no exclusion for any type of disability payment other than veterans' disability benefits. **Id**. at 722-24 (holding that a lump sum commutation of workers' compensation benefits was marital property because the right to receive that payment accrued prior to separation); **see also** 23 Pa.C.S.A. § 3501(a)(6), (8). Accordingly, the **Drake** Court ruled that "a disability payment that is not a federally created veterans' benefit … can be property of the marriage." 725 A.2d at 724. Further, the **Drake** Court ruled that, under the Divorce Code, an award, including a disability award, is marital property if the right to receive the award accrued during the marriage. **Id**. at 725-26; **see also Focht v. Focht**, 32 A.3d 668, 674 (Pa. 2011) (holding that settlement monies received by husband, post-separation from wife, in his personal injury tort action, were marital property because his cause of action accrued prior to separation).

However, in **Yuhas v. Yuhas**, 79 A.3d 700, 705 (Pa. Super. 2013), this Court distinguished **Drake** and **Focht** on the basis that those decisions

---

[6] In **Drake**, our Supreme Court noted, but declined to approve, this Court's prior decisions in which we have held that a pure disability benefit will qualify as a martial asset subject to equitable distribution only when it cannot be separated from other proceeds that form part of the marital estate. **See, e.g.**, **Ciliberti v. Ciliberti**, 542 A.2d 580, 582 (Pa. Super. 1988).

involved the accrual of a cause of action (*i.e.*, the right to institute a suit for damages) as opposed to the development of a disability. The **Yuhas** Court further explained that "both **Drake** and **Focht** involved lump sum payments, not monthly payments that are contingent upon proof of continuing disability." **Yuhas**, 79 A.3d at 706. In contrast to **Drake** and **Focht**, **Yuhas** involved monthly disability insurance payments received by husband under a disability insurance policy following his development of carpal tunnel syndrome, which left him unable to work as a surgeon. The **Yuhas** Court determined that husband's entitlement to future monthly disability insurance payments did not accrue during the marriage because his right to such payments, if any, was conditioned on his ongoing submission of proof to the insurance company of his continuing disability, and the insurance company's corresponding action on that submission. 79 A.3d at 706. Thus, the **Yuhas** Court ruled that the monthly disability payments received by husband post-separation did not accrue during the marriage and, hence, were not marital property. **Id**.

Here, Husband's disability pension is contingent upon his entitlement to receive Social Security Disability. **See** Boilermaker-Blacksmith National Pension Trust Letter to Husband, 7/13/11. However, Husband failed to present evidence establishing the medical conditions that formed the basis

for his Social Security Disability.[7] **See** Trial Court Opinion, 10/1/11, at 2.

Thus, Husband failed to present evidence upon which the trial court could

determine the basis for Husband's Social Security Disability award, or

whether the medical condition(s) underlying the award developed post-

separation. **Id**. Based on Husband's lack of candor[8] and failure to provide

the trial court with appropriate evidence, the record was devoid of evidence

upon which the trial court could determine whether Husband's entitlement to

his disability pension (which is contingent on his entitlement to Social

Security Disability) accrued during the marriage or accrues on an ongoing

basis subject to proof of disability.

Based on our review of the record, we cannot say that the trial court

abused its discretion or committed an error of law in determining that

Husband's disability pension is a marital asset. Section 3501(b) sets forth

---

[7] Husband suggests that his Social Security Disability is based on his hives condition. Brief for Husband at 11. Husband testified that, from 1999 forward, he has been treated for chronic hives, and that he takes medication daily for his condition. **See** Court Hearing Officer's Report, Findings of Fact Nos. 16 and 17, at 7. Thus, according to Husband's own testimony, his hives-related disability began during the marriage, prior to separation. However, Husband also testified that, after separation, he had surgeries on both knees, was diagnosed with aseptic necrosis in both hips, had operations on both legs, microscopic surgeries on both hips, and bulging discs in his lower back. **See** Trial Court Opinion, 10/1/11, at 2.

[8] The court hearing officer found that Husband repeatedly lied during the hearing in an attempt to intentionally mislead the hearing officer and Wife with regard to Husband's receipt of Social Security Disability and the increased amount of his pension following its conversion to a disability pension, and that his testimony was "chronically deceptive and incredible." **See** Court Hearing Officer's Report, at 46-47.

the statutory presumption that all property acquired during the marriage is marital unless it fits within one of the eight exceptions set forth in Section 3501(a). **See** 23 Pa.C.S.A. § 3501(b); **see also Drake**, 725 A.2d at 722. In order to establish that his disability pension was his separate property and not subject to equitable distribution, Husband was required to show that his disability pension "was acquired by a method" set forth in Section 3501(a)(1) through (a)(8). **Drake**, 725 A.2d at 723; **see also** 23 Pa.C.S.A. § 3501(b). Husband failed to meet his burden of proof. Thus, the trial court did not err in following the dictates of Section 3501(b).

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2014

IN THE COURT OF COMMON PLEAS
OF THE 37th JUDICIAL DISTRICT OF PENNSYLVANIA
WARREN COUNTY BRANCH
CIVIL

ARTHUR L. IVES,
      Plaintiff

vs.

AD 355 of 2010

KATHRYN E. IVES,
      Defendant

## OPINION PURSUANT TO Pa.R.A.P. 1925(a)

Appellant appeals this Court's November 5, 2012, Decree in Divorce, and Appellee appeals this Court's December 4, 2012, Findings and Decree in Divorce.

On appeal, Appellant raises the following errors: (1) the trial court erred by equitably dividing Appellant's disability pension; (2) the trial court erred by issuing an equitable distribution order prior to entering a decree in divorce; (3) the trial court erred by granting the parties a divorce after equitable distribution had been confirmed in which the trial court failed to hold a hearing in conformity with 23 Pa.C.S.A. § 3323(b) and in which a stipulation for bifurcation had not been filed by the parties nor the trial court granted bifurcation after a hearing pursuant to 23 Pa.C.S.A. § 3323(c.1); and (4) the trial court erred by attempting to cure the defect by amending the divorce decree after Appellant had filed a Notice of Appeal.

Appellee raises six issues on appeal. The first four issues depend on the Superior Court of Pennsylvania finding that the trial court erred in determining that Appellant's Boilermaker pension and/or disability retirement benefit was subject to equitable distribution, and these four issues are as follows: (1) whether the trial court erred by denying Appellee's alimony pendente lite claim, (2) whether the trial court erred by denying Appellee's alimony claim, (3) whether the trial court erred by not ruling that Appellant was equitably estopped from claiming that Appellant's Boilermaker pension and/or disability retirement benefit was a disability benefit not subject to equitable distribution given that Appellant actively concealed the extent of his income and the nature of his benefit, and (4) whether the trial court erred by not ruling that Appellant

142a

waived any claim that Appellant's Boilermaker pension and/or disability retirement benefit was a disability benefit not subject to equitable distribution given that Appellant actively concealed the extent of his income and the nature of his benefit. The last two issues are as follows: (1) whether the trial court erred by not ruling that Appellant is precluded from reversing his position that the Boilermaker pension was an asset subject to equitable distribution and unavailable for support and/or alimony pendente lite given that Appellant actively concealed the extent of his income and the nature of his benefit, and (2) whether the trial court erred by not ordering Appellant to pay the equitable reimbursement awarded to Appellee in installments from Appellant's Boilermaker pension and/or disability retirement benefit.

Pertinent Procedural and Factual Summary

On January 12, 2010, Appellant filed a Complaint in Divorce in Crawford County, Pennsylvania, raising two counts – Count 1: Divorce under Section 3301(C)(D) (A)(6) and Count 2: Equitable Distribution. On May 27, 2010, Appellant filed a Motion for Transfer, requesting the Court of Common Pleas of Crawford County, Pennsylvania to transfer venue of this matter to the Court of Common Pleas of the 37th Judicial District of Pennsylvania, Warren County Branch. On May 28, 2010, the Court of Common Pleas of Crawford County, Pennsylvania granted Appellant's Motion for Transfer. On August 3, 2010, Appellee filed a Motion for Appointment of Master with respect to the divorce, equitable distribution, alimony, alimony pendente lite, counsel fees, and costs and expenses. On the same date, the Court appointed Court Hearing Officer Shawn M. Estes, Esquire, ("Court Hearing Officer Estes") as Master to hear these matters. On August 18, 2010, Appellee filed an Answer to Complaint and Counterclaims. On September 15, 2010, Appellee filed an Inventory Pursuant to Rule 1920.75. On the same date, Appellant filed an Affidavit of Consent and Waiver of Notice of Intention to Request Entry of a Divorce Decree under Section 3301(c) of the Divorce Code.

On September 17, 2010, Appellant filed Plaintiff's Preliminary Inventory. On June 21, 2011, Appellant filed Plaintiff's Pretrial Statement, Inventory, and Proposed Distribution. On June 23, 2011, Appellee filed Defendant's Pretrial Statement Pursuant to Pennsylvania Rule of Civil Procedure 1920.33. On December 5, 2011, Appellee filed Defendant's Supplemental Pretrial Statement Pursuant to Pennsylvania Rule of Civil Procedure 1920.33. On the same date,

2

143a

Appellee filed an Affidavit of Consent and a Waiver of Notice of Intention to Request Entry of a Divorce Decree under § 3301(c) of the Divorce Code.

Court Hearing Officer Estes held an equitable distribution hearing on December 14, 2011, and February 22, 2012. On June 22, 2012, Court Hearing Officer Estes filed an Equitable Distribution Report and Recommended Order, advising the parties that they had 20 days to file exceptions. On July 11, 2012, Appellant filed Plaintiff's Exceptions to the Equitable Distribution Report and Recommended Order, and on July 12, 2012, Appellee filed Exceptions to Court Hearing Officer Report and Recommended Order. Argument occurred on August 15, 2012. The Court issued an Opinion and Order dated September 28, 2012, and filed on October 1, 2012.

On October 19, 2012, Appellee filed a Praecipe to Transmit Record. On October 29, 2012, Appellant filed a Petition to Vacate, arguing that Appellant was prevented from appealing the Court's September 28, 2012, Opinion and Order as it was an interlocutory order and as the Court failed to issue a decree in divorce. On November 2, 2012, Appellant's former counsel filed Proof of Service of the Complaint. On November 5, 2012, the Court filed a Decree in Divorce, ordering that the parties were divorced from the bonds of matrimony. On November 27, 2012, Appellee filed Defendant's Response to Plaintiff's Petition to Vacate. Argument on Appellant's Petition to Vacate occurred on November 28, 2012.

On December 4, 2012, Appellant filed a Notice of Appeal of the Court's November 5, 2012, Decree in Divorce. On the same date, the Court filed Findings and Decree in Divorce in which the Court amended the Decree in Divorce to incorporate the September 28, 2012, Opinion and Order. By Order dated December 4, 2012, and filed December 5, 2012, the Court directed Appellant to file of record and serve on the trial court a concise statement of the matters complained of on the appeal within 21 days. On December 20, 2012, Appellant filed Plaintiff's Statement of Matters Complained of on Appeal.

On January 3, 2013, Appellee filed a Notice of Appeal, appealing the Court's December 4, 2012, Findings and Decree in Divorce. On the same date, the Court directed Appellee to file of record and serve on the trial court a concise statement of the matters complained of on the appeal within 20 days. On January 24, 2013, Appellee filed a Statement of Matter Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b)(1).

3

Conclusions of Law

Appellant appeals this Court's November 5, 2012, Decree in Divorce, and Appellee appeals this Court's December 4, 2012, Findings and Decree in Divorce. The Court addresses Appellant's issues first.

On appeal, Appellant raises four issues, which are stated above. The first issue is whether the trial court erred by equitably dividing Appellant's disability pension. Appellant raised this issue as an exception to Court Hearing Officer Estes' June 22, 2012, Equitable Distribution Report and Recommended Order, and the Court addressed this issue in its September 28, 2012, Opinion and Order. Therefore, the Court respectfully directs the honorable Superior Court of Pennsylvania to the Court's September 28, 2012, Opinion and Order and Court Hearing Officer Estes' June 22, 2012, Equitable Report and Recommended Order.

The second issue is whether the trial court erred by issuing an equitable distribution order prior to entering a decree in divorce. On August 15, 2012, the Court heard argument on the parties' exceptions to the Court Hearing Officer Estes' June 22, 2012, Equitable Distribution Report and Recommended Order. At the time of argument, Appellant's counsel believed that equitable distribution was improperly before the Court but fully consented to the two-day equitable distribution hearing before Court Hearing Officer Estes. In addition, the Court inquired why no praecipe to transmit the record had been filed pursuant to Pa.R.C.P. 1920.42. The Court directed Appellant's counsel to file the praecipe to transmit the record or to direct Appellee's counsel to do so. Neither Appellant's counsel nor Appellee's counsel filed the praecipe to transmit the record until after the Court issued its September 28, 2012, Opinion and Order. On October 19, 2012, Appellee's counsel filed a Praecipe to Transmit Record, and at the November 28, 2012, argument, Appellee notified the Court that Appellant's counsel had not directed her to file the Praecipe to Transmit Record and that she filed the Praecipe to Transmit Record only after realizing the Court did not contemporaneously enter a decree in divorce with the equitable distribution order. The Court did not enter a decree in divorce immediately after the filing of the Praecipe to Transmit Record. While reviewing the record, the Court found that no proof of service of the complaint had been included. The Court learned that Appellant's prior counsel had proof of service of the complaint. On November 2, 2012, Appellant's prior counsel filed proof of service, and on November 5, 2012, the Court entered a decree in divorce. The Court recognized that the decree in divorce was filed after a final decision was rendered addressing the economic

4

145a

claims, but in consideration of the totality of the circumstances, the Court was trying to address a delay caused by Appellant's counsel's failure to follow the Court's instruction to file the praecipe to transmit the record. Although the decree in divorce should have been entered simultaneously with the equitable distribution order, the parties were not unfairly prejudiced as both parties had executed affidavits of consent to the divorce.

The third issue is whether the trial court erred by granting the parties a divorce after equitable distribution had been confirmed in which the trial court failed to hold a hearing in conformity with 23 Pa.C.S.A. § 3323(b) and in which a stipulation for bifurcation had not been filed by the parties nor the trial court granted bifurcation after a hearing pursuant to 23 Pa.C.S.A. § 3323(c.1). 23 Pa.C.S.A. § 3323(b) provides:

> A decree granting a divorce or an annulment shall include, after a full hearing, where these matters are raised in any pleadings, an order determining and disposing of existing property rights and interests between the parties, custody, partial custody and visitation rights, child support, alimony, reasonable attorney fees, costs and expenses and any other related matters, including the enforcement of agreements voluntarily entered into between the parties. In the enforcement of the rights of any party to any of these matters, the court shall have all necessary powers, including, but not limited to, the power of contempt and the power to attach wages.

23 Pa.C.S.A. § 3323(b). Pennsylvania Rule of Civil Procedure 1920.51 permits a trial court to appoint a master to hear certain matters and to issue reports and recommendations to the trial court.

> A master may be appointed to hear ancillary economic claims in a divorce action pursuant to § 3301(c) or § 3301(d) of the Divorce Code. The master may be appointed to hear ancillary economic claims prior to the entry of a divorce decree if *grounds for divorce have been established.*

Pa.R.C.P. 1920.51(a)(2)(ii). A court may grant a divorce action pursuant to section 3301(c) of the Divorce Code where "90 days have elapsed from the date of commencement of an action . . . and an affidavit has been filed by each of the parties evidencing that each of the parties consents to the divorce." 23 Pa.C.S.A. § 3301(c). Appellant filed a Complaint in Divorce on January 12, 2010, in Crawford County, Pennsylvania, and upon motion, the action in divorce was transferred to Warren County, Pennsylvania. On September 15, 2010, Appellant filed an Affidavit of Consent and Waiver of Notice of Intention to Request Entry of a Divorce Decree under Section 3301(c) of the Divorce Code. On December 5, 2011, Appellee filed an Affidavit of Consent and

a Waiver of Notice of Intention to Request Entry of a Divorce Decree under § 3301(c) of the Divorce Code. Thus, grounds for a divorce pursuant to section 3301(c) of the Divorce Code had been established, permitting the Court to appoint Court Hearing Officer Estes to hear ancillary economic claims prior to entry of the decree in divorce.

In addition, Appellant argues that the trial court failed to comply with 23 Pa.C.S.A. § 3323(c.1). 23 Pa.C.S.A. § 3323(c.1) provides:

> With the consent of both parties, the court may enter a decree of divorce or annulment prior to the final determination and disposition of the matters provided for in subsection (b). In the absence of the consent of both parties, the court may enter a decree of divorce or annulment prior to the final determination and disposition of the matters provided for in subsection (b) if:
> (1) grounds have been established as provided in subsection (g); and
> (2) the moving party has demonstrated that:
> (i) compelling circumstances exist for the entry of the decree of divorce or annulment; and
> (ii) sufficient economic protections have been provided for the other party during the pendency of the disposition of the matters provided for in subsection (b).

23 Pa.C.S.A. § 3323(c.1). In this case, neither party moved for a separate proceeding to be divorced *prior* to resolution of their economic claims. The question Appellant is posing is whether the Court erred by failing to bifurcate the ancillary claims from the divorce. In this matter, neither party contests the entry of a divorce decree. At argument on equitable distribution, Appellant's counsel initially argued that Appellee was trying to drag out the litigation. Each party had executed affidavits of consent. The explanatory comment to Pa.R.C.P. 1920.51 addresses the propriety of appointing a master prior to resolution of a divorce. It is clear from the rule that a master may be appointed prior to entry of the divorce.

At the time exceptions to the equitable distribution report were filed and argued, Appellant's counsel argued that he was not going to praecipe to transmit the record, and thus, the Court was without authority to grant the divorce. Appellee's counsel eventually moved to transmit the record. It was at that time that the Court found no proof of service in the Warren County record. The Court attempted to cure the defect by issuing the decree in divorce and equitable distribution in the interest of justice.

The fourth issue is whether the trial court erred by attempting to cure the defect by amending the divorce decree after Appellant filed a Notice of Appeal. Specifically, Appellant argues that the trial court filed its Findings and Decree in Divorce after Appellant filed his Notice of Appeal on December 4, 2012, and that this amendment did not conform to Pa.R.A.P. 1701(b)(1)(2). Pennsylvania Rule of Appellate Procedure 1707(b)(1)-(2) provides:

> (b) Authority of a trial court or agency after appeal. After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>> (1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.
>> (2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

Pa.R.A.P. 1701(b)(1)-(2). During the argument on November 28, 2012, Appellant informed the Court that he had until December 5, 2012, to file a notice of appeal, and with this in mind, the Court was mindful of the Appellant's concerns. On December 4, 2012, at 3:33 p.m., Appellant filed a Notice of Appeal of the Court's November 5, 2012, Decree in Divorce, and on the same date, at 4:06 p.m., the Court filed a Findings and Decree in Divorce, amending the Decree in Divorce to incorporate the September 28, 2012, Opinion and Order. Appellant's argument is that the Court should not have filed its Findings and Decree in Divorce after he had filed his Notice of Appeal. Appellant's Notice of Appeal may have been docketed at 3:33 p.m., but the Court was not served with the Notice of Appeal at 3:33 p.m. The Court did not become aware of the Notice of Appeal until after it had filed its Findings and Decree in Divorce, and once aware of Appellant's Notice of Appeal, the Court immediately prepared an Order, directing Appellant to file a concise statement of the errors complained of on appeal.

On appeal, Appellee raises six errors, which are set forth above. The first four errors depend on whether the Superior Court of Pennsylvania finds that the trial court erred in determining that Appellant's Boilermaker pension and/or disability retirement benefit was subject to equitable distribution. In its review of Court Hearing Officer Estes' June 22, 2012, Equitable Report and Recommended Order, the Court found that on the whole Court Hearing Officer Estes equitably divided the parties' martial assets with fairness. The Court directs the

7

honorable Superior Court of Pennsylvania to the Court's September 28, 2012, Opinion and Order and Court Hearing Officer Estes' June 22, 2012, Equitable Report and Recommended Order.

Appellee's fifth error is that the trial court erred by not ruling that Appellant is precluded from reversing his position that the Boilermaker pension was an asset subject to equitable distribution and unavailable for support and/or alimony pendente lite given that Appellant actively concealed the extent of his income and the nature of his benefit. For the Court's and Court Hearing Officer Estes's handling of the Boilermaker pension, support, and alimony pendente lite, the Court directs the honorable Superior Court of Pennsylvania to the Court's September 28, 2012, Opinion and Order and Court Hearing Officer Estes' June 22, 2012, Equitable Report and Recommended Order.

As for Appellee's sixth error that the trial court erred by not ordering Appellant to pay the equitable reimbursement awarded to Appellee in installments from Appellant's Boilermaker pension and/or disability retirement benefit, the Court directs the honorable Superior Court of Pennsylvania to the Court's September 28, 2012, Opinion and Order and Court Hearing Officer Estes' June 22, 2012, Equitable Report and Recommended Order.

No further Opinion shall issue.

BY THE COURT

MAUREEN A. SKERDA, P.J.
Date: February 13, 2013

8