J-S71022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CATHERINE LE SCHACK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK LE SCHACK, | |
| Appellant | No. 558 WDA 2015 |

Appeal from the Order March 24, 2015
In the Court of Common Pleas of Allegheny  County
Family Court at No(s): FD 13-006800-009

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 22, 2016**

Mark Le Schack ("Husband"), *pro se*,[1] appeals from the March 24, 2015 order affirming the Master's Report and Recommendation and equitably distributing the marital property of Husband and Appellee Catherine Le Schack ("Wife").  We affirm.

The trial court summarized the relevant procedural history as follows:

The parties . . . were married on July 22, 1978[,] and separated on July 2, 2012.  On April 12, 2013, Wife filed a Complaint in Divorce raising claims for divorce and equitable distribution.  On July 18, 2013, Husband filed an Answer to Wife's Complaint raising a claim for *Alimony Pendente Lite* (APL).

On July 9, 2014, Husband presented a Petition for Bifurcation requesting this Court bifurcate the divorce proceeding

---

[1]  Husband "is a Pennsylvania-licensed attorney who has practiced law for over twenty (20) years . . . ."  Trial Court Opinion, 6/2/15, at 6.

and economic claims as Husband wished to marry his girlfriend who lived in Brazil at the time. Following briefing and a full evidentiary hearing, this Court denied Husband's request for bifurcation on November 25, 2014.

On January 8, 2015, a one-day hearing before Master Chester Beattie, III, (hereinafter the "Master") was held to resolve all pending economic claims, including Wife's claim for equitable distribution, counsel fees and expenses, and Husband's Petition for Modification of APL. On January 26, 2015, the Master issued a Report and Recommendation (hereinafter the "Master's Report"). **Neither party filed timely exceptions to the Master's report**.

On February 19, 2015, having failed to file his exceptions on time, Husband sought leave of court to file exceptions *nunc pro tunc*. This Court denied Husband's request and further denied his additional motion which essentially were exceptions to the Master's Report.

On March 24, 2015, this Court adopted the Master's Report as a Final Order and, on March 26, 2015, a divorce decree was entered. On April 6, 2015, Husband filed a Notice of Appeal to said Order.

Trial Court Opinion, 6/2/15, at 2–3 (emphasis in original).[2]

Husband raises the following issues on appeal:

  I.    IS THE APPELLANT ENTITLED TO A MARITAL DIVISION OF TRUST ASSETS AND INCOME OR RECEIVE MONETARY COMPENSATION WHEN APPELLANT OFFERED CREDIBLE EVIDENCE THAT HE WAS THE INTENDED BENEFICIARY AND TOTALLY DEPENDENT ON THE SUPPORT FROM THE TRUST INCOME AND ASSETS?

  II.   IS THE APPELLANT ENTITLED TO ALIMONY PENDENTE LITE ON APPEAL AND IS APPELLANT ENTITLED TO MODIFICATION INCREASE RETROACTIVELY?

_____

[2] Both Husband and the trial court complied with Pa.R.A.P. 1925.

III.    DOES THE SUPERIOR COURT HAVE JURISDICTION IN THIS CASE AS A RESULT OF THE COURT DENYING THE RIGHT TO FILE EXCEPTIONS.

IV.    WAS THE APPELLEE ENTITLED TO SANCTIONS AGAINST APPELLANT?

Husband's Brief at 3 (*verbatim*).

A trial court has broad discretion when fashioning an award of equitable distribution. **Dalrymple v. Kilishek**, 920 A.2d 1275, 1280 (Pa. Super. 2007). Our standard of review is whether the trial court abused its discretion. **Smith v. Smith**, 904 A.2d 15, 19 (Pa. Super. 2006) (citation omitted). "An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence." **Yuhas v. Yuhas**, 79 A.3d 700, 704 (Pa. Super. 2013) (*en banc*).

Initially, we must determine whether Husband has preserved the issues he now advances on appeal; thus, we first address Husband's issue III. The time limits to be followed when filing exceptions to a master's report are set forth in Pa.R.C.P. 1920.55-2, which provides, in pertinent part, as follows:

> Rule 1920.55-2. Master's Report. Notice. Exceptions. Final Decree
>
> * * *
>
> (b) Within twenty days of the date of receipt or the date of mailing of the master's report and recommendation, whichever occurs first, any party may file exceptions to the report or any part thereof, to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, or to any other matters occurring during the hearing. Each exception shall set forth a

separate objection precisely and without discussion. **Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters.**

Pa.R.C.P. 1920.55-2(b) (emphasis added).

The record reveals that the Master's Report and Recommendation was filed and mailed to the parties on January 26, 2015. Docket entries 52 and 53. Thus, any exceptions to the Master's Report had to have been filed by February 17, 2015.[3]

The record further reveals that Husband filed exceptions to the Master's Report on February 18, 2015. Docket Entry 57. On February 20, 2015, Husband filed a Motion for Delayed Filing of Exceptions[4] asserting that he attempted to file exceptions electronically on February 13, 2015. He attached an email sent February 13, 2015, at 5:57 p.m. from the Allegheny County webmaster acknowledging receipt of the exceptions and listing their status as "pending," with the following proviso: "Be advised this case is not officially filed until it is approved by Allegheny County Civil/Family Division. If approved, you will be notified via an electronic receipt and the official date

---

[3] Because the twentieth day fell on Sunday, February 15, 2015, and Monday, February 16, 2015, was President's Day, a national holiday, the exceptions were due by February 17, 2015. *See* 1 Pa.C.S. 1908 (stating that when the last day of any period referred to in any statute falls on Saturday or Sunday or on any legal Commonwealth of Pennsylvania or United States holiday, such day "shall be omitted from the computation.").

[4] The trial court has termed this filing as leave to file exceptions *nunc pro tunc*.

and time of filing will be the date and time listed above." Motion for Delayed Filing of Exceptions, 2/20/15, attachment. Also attached is an email sent February 17, 2015, at 10:25 a.m. from the webmaster which states: "Please be advised that the following cases have NOT been accepted as a filing by the Allegheny County Civil/Family Division because: Exceptions cannot be electronically filed. They must be filed in the office. You must resubmit the notice of intention." *Id*. The trial court denied Husband's Motion for Delayed Filing of Exceptions on February 19, 2015.

Pennsylvania Rules of Civil Procedure 239 through 239.9 establish the framework by which individual courts of common pleas of this Commonwealth may promulgate local rules of civil procedure. Specifically, Pa.R.C.P. 239.9 provides as follows:

Rule 239.9. Electronic Filing. Local Rule 205.4

(a) If a court permits or requires the electronic filing of legal papers with the prothonotary, the court must promulgate a local rule designated Local Rule 205.4 which sets forth in detail the practice and procedure to file a legal paper electronically and includes the matters set forth in this rule.

In compliance with Pa.R.C.P. 239.9, Allegheny County promulgated Local Rule 205.4, which designates, *inter alia*, the legal papers that can and cannot be filed electronically for matters within the Family Division. Allegheny County Local Rule 205.4(a)(1)(C). In addition, the local rule provides:

(f)(1) When a legal paper has been successfully transmitted electronically, the DCR's[5] electronic filing website shall generate a printable acknowledgement page and shall transmit to the filer an initial e-mail confirming the electronic receipt of the legal paper and the date and time thereof. Subsequently, after the DCR has processed the electronic filing, the DCR shall transmit, to the filer, an e-mail stating the date and time of acceptance of the filing or stating that the filing has not been accepted and the reasons for non-acceptance. A legal paper will not be considered filed if the DCR responds to the filing by notifying the filer that the filer has not (i) maintained with the DCR sufficient funds to pay the fees and costs of the filing or (ii) authorized payment by credit or debit card of such fees and costs.

Allegheny County Local Rule 205.4(f)(1).

In refusing to permit Husband's *nunc pro tunc* filing of exceptions, the trial court stated as follows:

The standard of review in the denial of a request to file pleadings *nunc pro tunc* has been stated as follows:

... the standard of review applicable to the denial of an appeal *nunc pro tunc* is "whether the trial court abused its discretion." An abuse of discretion is not merely an error of judgment but is found where the law is "overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record."

In re M.S.K., 936 A.2d 103, 104 (Pa. Super. 2007) (citing Freeman v. Bonner, 761 A.2d 1193, 1194-95 (Pa. Super. 2000)).

Husband is a Pennsylvania-licensed attorney who has practiced law for over twenty (20) years, and should be fully aware of the importance of filing deadlines. Husband alleges

_____

[5] DCR is defined as "the Allegheny County Department of Court Records Civil/Family Division." Allegheny County Local Rule 205.4(a)(1).

that he was unfamiliar with the local rules of Allegheny County. However, Husband admits that he was aware that Allegheny County had local rules in place but despite this he neglected to keep himself abreast of these rules. He now asks this [c]ourt to excuse his ignorance. This [c]ourt is not so inclined.

> When a party chooses to represent h(im)self, as here . . . he cannot impose on the necessarily impartial court or master the responsibility to act as the party's counsel and direct h(im) repeatedly how to proceed or to proceed for h(im). When a party decides to act on h(is) own behalf . . . he assumes the risk of h(is) own lack of professional, legal training. . . . "Where a party's action disrupts the fair and orderly process of the divorce action, the court acts appropriately in imposing even severe sanctions if necessary to take control of the situation." "Abuse of the court system, whether by seasoned attorneys or by pro se parties, cannot be tolerated."

Savage v. Savage, 736 A.2d 633, 647-48 (Pa. Super. 1999) (Internal citations omitted). Moreover, Husband was advised by the Department of Court Records, within the 20 day time period, that exceptions are not permitted to be electronically filed. Husband thereafter waited two (2) days past the filing deadline, before filing exceptions in person. Accordingly, this Court found that Husband failed to make a good faith effort to timely file his exceptions.

Trial Court Opinion, 6/2/15, at 6–7.

Here, Husband was not permitted to file exceptions electronically. While he proceeded *pro se*, Husband is a seasoned attorney who has practiced law for twenty years. The failure to file timely exceptions to a master's report waives claims of error raised on appeal. Pa.R.C.P. 1920.55-2(b); **Metzgar v. Metzgar**, 534 A.2d 1057, 1058 (Pa. Super. 1987); **Sipowicz v. Sipowicz**, 517 A.2d 960, 963 (Pa. Super. 1986). Moreover, despite Husband's erroneous interpretation of the local rule or failure to

consult the local rule regarding electronic filing of exceptions, Husband specifically was notified the morning of February 17, 2015, the day the appeal period expired, that electronic filing was not permitted. Thus, Husband still had the option to file the exceptions in a timely fashion but chose not to do so. It is this failure that compelled the trial court to deny Husband's *nunc pro tunc* filing. We do not find that such a conclusion is an abuse of discretion by the trial court. The findings of the trial court are entitled to great deference by this Court, as it had the opportunity to observe the parties and assess their credibility. ***Palladino v. Palladino***, 713 A.2d 676, 678 (Pa. Super. 1998). Thus, we agree with the trial court that Husband's issues on appeal are waived.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2016

_____

[6] If we addressed the issues on the merits, we would affirm on the basis of the trial court opinion filed June 2, 2015, and the Master's Report and Recommendation filed January 26, 2015.